■ THOMAS COX, Respondent, v. NEW YORK TELEPHONE COMPANY, INC., et al., Appellants.— Order unanimously reversed on the law and on the facts and in the exercise of discretion, with $20 costs and disbursements to the appellants, and the motion to amend the complaint by increasing the *ad damnum* clause denied, with $10 costs. Permission to increase the *ad damnum* clause in an action for damages for personal injuries lies within the sound discretion of the court. (*Natale* v. *Pepsi-Cola Co.*, 7 A D 2d 282, 284; *Natale* v. *Great Atlantic & Pacific Tea Co.*, 8 A D 2d 781; *Teplinsky* v. *Kamensky*, 9 A D 2d 671. ) In exercising that discretion, the court must weigh such factors as the time when the amendment is sought, the laches of plaintiff and possible prejudice to defendants. Here a suit was commenced against New York Telephone Company in February, 1952, wherein plaintiff claimed $50,000 damages for injuries alleged to have been sustained in August, 1951, when plaintiff fell into a depression which the Telephone Company had dug in connection with laying ducts and wires during the construction of housing development. The Telephone Company, in an answer served in March, 1952, cross-claimed against the defendant DeLee Contracting Co., Inc.— which had actually done the excavating work — upon the basis of common law and contractual indemnity. The cause appeared on the Day Calendar for trial at least 33 times between February 9, 1956 and January 9, 1959, and was marked "ready" on many of such occasions. In November, 1956, plaintiff moved to amend his bill of particulars and, following the granting of that motion on reargument, plaintiff's attorney submitted an order containing a proposed new bill of particulars increasing the amount of the claim for lost earnings from $300 to $40,000. Certainly at that time plaintiff was aware of the necessity for an increase in the *ad damnum* clause, if it was to be applied for. But no application was then made for such relief. On the contrary, in June, 1958, a statement of readiness was served and filed, and a motion was made and granted to restore to the Trial Calendar. Then, too, plaintiff made no application for, nor gave any indication of, a desire to amend the *ad damnum* clause of the complaint. The first motion to amend the complaint to increase the claim for damages to $250,000 was made on August 26, 1958, and denied on September 5, 1958 with leave to renew "upon presentation of proper medical corroboration". The renewal motion, resulting in the order appealed from, was made in December, 1958 returnable

on January 6, 1959. In granting the motion, Special Term recognized that plaintiff had been guilty of laches but found there was an absence of prejudice to defendants. In our opinion the inordinate laches in this case should have impelled the court to refuse to exercise discretion in favor of the application. Apart from the prejudice which may result to a defendant by a court-approved increase in a damage claim on the eve of a trial, the additional facts in this case, which suddenly placed the Telephone Company in the position of defending a $250,000 claim rather than a $50,000 one, were especially prejudicial in view of the indemnity agreement upon which the cross claim rested. It was an improvident exercise of discretion, under all of the circumstances, to permit the amendment in this case. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Valente, JJ.