Harold J. Crawford, J.
Plaintiff wife instituted an action for separation in the Supreme Court, Monroe County. On April 11, 1961, an order was made for the examination before trial of Rabbi Ben Zion Bokser as a witness. It appears that the parties to this action conferred with him in his study at the Forest Hills Jewish Center, of which he is the spiritual leader, with a view to a reconciliation. The examination of the witness was held in this court and he asserted the privilege of a clerygyman under section 351 of the Civil Practice Act, when the following question was put to him by the defendant’s attorney: “ Rabbi, will you now please tell me the substance of the conversation you had with Mr. and Mrs. Kruglikov, giving me the date, what each person said in the presence of Mr. and Mrs. Kruglikov to the best of your recollection? ”
The attorney for the defendant does not take issue with the contention of Rabbi Bokser as embodied in the letter to the court dated May 17, 1961, from the New York Board of Rabbis, wherein it is stated: 6‘ The New York Board of Rabbis deem it essential for the proper work of the Rabbi in the community, that any confidence reposed in him by husband or wife, individually or jointly, or anyone else who has come to him for counseling not be divulged, and we hope that the Court will sustain this action. Otherwise the confidential role of the Rabbi in counseling would be completely vitiated, to the detriment of those who seek his guidance.” Said attorney argues, however, that neither party to this action sought guidance from Rabbi Bokser, nor was either a member of his congregation.
*18 It is true that the consultation was initiated by a Rabbi in Rochester, New York, upon the request of plaintiff’s father and that thereafter Rabbi Bokser sent a letter to the defendant which ultimately resulted in the marriage consultation at which the admissions sought to be disclosed were made.
The court is of the opinion that it matters not how and by whom the meeting was initiated. The parties had formerly lived in the community and were known to Rabbi Bokser; indeed, the plaintiff had been employed by his congregation. The fact is that they consulted a representative of their faith in the privacy of his study in the Synagogue with a view to reconciliation and restoring their marriage. It cannot be supposed that either husband or wife, or both, would have been willing to disclose their marital problems to the Rabbi if they thought that what they said would ever be divulged, even in a judicial proceeding. Paraphrasing the language of the Court of Appeals in Warner v. Press Pub. Co. (132 N. Y. 181, 186), what was said by the parties here, in the privacy of the Rabbi’s study was stamped “ with that seal of confidence which the parties in such a situation would feel no occasion to exact.” If the privilege conferred by section 351 of the Civil Practice Act is not to be stultified, confidential communications to a clergyman under the circumstances here involved must be deemed to fall within the spirit of this statute, which reads as followsA clergyman, or other minister of any religion, shall not be allowed to disclose a confession made to him, in his professional character, in the course of discipline, enjoined by the rules or practice of the religious body to which he belongs. ’ ’
This privilege, one of a number of other statutory privileges is “ absolute in the sense that, even in matters involving public justice, a court may not compel disclosure of confidential communications thus made privileged. They relate to confidential communications between husband and wife, between attorney and client, between physicians, dentists, nurses and their patients, and between clergymen and communicants (Civ. Prac. Act, §§ 349-354; People v. Shapiro, 308 N. Y. 453).” (People v. Keating, 286 App. Div. 150, 152.)
The court, therefore, sustains the objection raised by the Rabbi, in the absence of an express waiver by the plaintiff, as provided in section 354 of the Civil Practice Act. The fact that the order for his examination was not objected to does not amount to such a waiver.