■ ANNETTE KRUGLIKOV, Respondent, v. SAMUEL KRUGLIKOV, Appellant. — Appeal unanimously dismissed, without costs. Memorandum: In view of the authority of *Brown* v. *Golden* (6 A D 2d 766) we must hold that the order sought to be appealed from is not an appealable order. (Appeal from order of Queens Special Term, entered in Monroe County sustaining the objection of the witness Rabbi Ben Zion Bokser to a question upon an examination before trial on the ground of privilege.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ. [29 Misc 2d 17.]

■ TOWN OF AURORA, Respondent, v. H. BEN WHALEY, Appellant.— Order unanimously affirmed, with $25 costs and disbursements. (Appeal from order of Erie Special Term granting plaintiff's motion to strike out certain paragraphs of defendant's answer.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ PETER F. SARACENO, Respondent, v. JUSTIN PISCOPO et al., Doing Business as HAMILTON HOTEL COMPANY, Utica, New York, Appellants.— Order insofar as appealed from unanimously reversed, with $25 costs and disbursements, and defendants' motion to dismiss the complaint granted unconditionally, with $10 costs. Memorandum: Defendants moved on September 19, 1961, to dismiss the complaint for failure to serve a copy thereof. The moving papers established that the summons was served on October 20, 1960. Notice of appearance was served on November 9, 1960. Thus on the return of the motion plaintiff had been in default in serving a complaint for nearly 11 months. No answering affidavit was served and the order granting a conditional dismissal, unless the complaint was served within 10 days after entry and service of the order, not only recites that no papers were submitted in opposition to the motion but also fails to recite that there was any appearance in opposition thereto. Upon this appeal by defendants from so much of the order as granted permission to serve the pleading plaintiff in his brief devotes several pages to a recital of facts not contained in the record. It is a fundamental rule of appellate procedure that appeals must be decided upon the contents of the record (Rules Civ. Prac., rule 234). If the record as certified by appellant does not contain all the papers used in the court below and specified in the order, the duty rested on respondent to move to correct the record. We may not consider the ex parte statements contained in respondent's brief or the several exhibits mailed to the Clerk of this court. Upon the record before us, so much of the order of Special Term as granted plaintiff leave to serve the complaint was an improvident exercise of discretion. (Appeal from certain parts of an order of Oneida Special Term granting defendants' motion to dismiss insofar as said order grants leave to plaintiff to serve a complaint.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ PETER R. STURNER et al., Appellants, v. LOUIS COOK et al., Respondents.— Order unanimously affirmed, without costs of this appeal to either party. (Appeal from order of Erie Special Term granting the defendant the right to make a transcript of the stenographic record of defendant's statement given to an agent of an attorney for the plaintiffs.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ FANNIE L. ADAMS, Appellant, v. PATRICIA M. ALLEN, Respondent.— Judgment unanimously reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: Plaintiff's proof made out a prima facie case and it was error to dismiss at the close of plaintiff's case. (Appeal from judgment of Onondaga Trial Term dismissing the complaint on the merits on motion at the end of plaintiff's case, in an automobile negligence action.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.