■ PHILIP SOULIER et al., Respondents, v. LESTER HARRISON et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, dated January 2, 1964, in Albany County, which granted a motion by plaintiffs for an order granting leave to increase the amount prayed for in the complaint from $5,000 to $20,000 in the Philip Soulier cause of action and from $20,000 to $40,000 in the Marie Rose Soulier cause of action. Three thousand twenty-five of the CPLR concerning amendment of pleadings provides that "Leave shall be freely given upon such terms as may be just including the granting of costs and continuances." It is now well established that permission to increase the ad damnum clause in an action for damages for personal injuries lies within the sound discretion of the court (Natale v. Great Atlantic & Pacific Tea Co., 8 A D 2d 781; Teplitsky v. Kamensky, 9 A D 2d 671; Cox v. New York Tel. Co., 10 A D 2d 565). We see no reason to disturb the ruling of the Special Term. Here we have a negligence action, the trial of which has been delayed largely as a result of one of the defendants being in the military service and out of the country. The defendants have had full knowledge of the injuries and damages claimed by the plaintiffs. In our opinion they cannot seriously urge that they have been prejudiced. As said by the court in Natale v. Great Atlantic & Pacific Tea Co. (supra) "We give no more weight to the increased amount than we would have given had it been asserted originally. That is, an ad damnum clause merely informs an adversary of the maximum amount of the claim asserted without in any wise being proof of injury or indeed of liability." We conclude that upon the record in this case the Special Term did not abuse its discretion in granting the motion. Order affirmed, with costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.