■ KIM BOEHM, an Infant, by KENNETH R. BOEHM, Her Father and Natural Guardian, et al., Respondents, v. EKCO PRODUCTS COMPANY, Appellant. — Order unanimously modified in accordance with memorandum and as modified affirmed, without costs. Memorandum: We believe that it was an improvident exercise of Special Term's discretion to grant plaintiffs' motion to amend the *ad damnum* clause of both the infant's complaint and the father's derivative complaint so that four separate causes of action stated in each complaint allege damages of $2,000,000. This amount grossly exceeds the relief requested in plaintiffs' motion and should be reduced to $800,000 for each of the causes of action stated in the infant's complaint which is the amount counsel believed that he was demanding when he drafted the *ad damnum* clause asking $200,000 in each of the four causes of action therein. Special Term improperly amended to $2,000,000 the $75,000 stated in each of the four causes of action in the father's derivative complaint, relief which was not requested and for which there is no warrant on the papers before it. These complaints allege causes of action for the injury suffered by the infant plaintiff in negligence, warranty (two) and fraud. Since there may be only one recovery for the wrong, (*General Aniline & Film Corp.* v. *Schrader & Son*, 12 N Y 2d 366, 370–371; *Simon* v. *Royal Business Funds Corp.*, 34 A D 2d 758), in any event plaintiffs may not recover more than $800,000 and $75,000 respectively. Defendant's counsel correctly noted that the infant's complaint only demanded $200,000 and the father's derivative complaint $75,000. Thus, as amended, the complaints now will demand damages in the amount of $800,000 and $75,000 on each cause of action respectively. We agree with Special Term that there was no undue surprise to defendant since plaintiffs and defendant were still conducting discovery proceedings subsequent to the filing of the note of issue and statement of readiness and recent medical reports which contained information concerning the possible future complication to the infant's uninjured eye were well-known to all parties. Absent any

prejudice to defendant, leave to amend the *ad damnum* clause should be freely given (*Yerdon* v. *Baldwinsville Academy*, 39 A D 2d 824). (Appeal from order of Erie Special Term in negligence action.) Present — Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.