■ MARGARET I. FINN, Respondent, v CRYSTAL BEACH TRANSIT Co., Appellant. (Appeal No. 1.)—Order unanimously reversed, without costs, and motion denied. Memorandum: It has been repeatedly held that only where there are present "special unusual or extraordinary circumstances spelled out factually" has Special Term discretion to depart from the rule which forecloses discovery proceedings after the statement of readiness has been filed (Fuoco v Boyle Bros., 40 AD2d 943; Warren v Vick Chem. Co., 37 AD2d 913; Price v Brody, 7 AD2d 204). The record here certified to by the parties contains no such factual showing of the requisite circumstances; nor, on appellate review may consideration be given to the proffered postappeal affidavit of counsel to supplement a deficient record (Saraceno v Piscopo, 16 AD2d 735; see, also, Matter of Niagara County Water Dist. v Board of Assessors of City of Lockport, 31 AD2d 1004, 1005; Smith v Slimak, 215 App Div 637, 639; Giardina v Bonnano, 184 NYS 478). Absent facts evidencing special or extraordinary circumstances, Special Term improperly granted an order which allowed discovery. (Appeal from order of Erie Supreme Court—examination before trial.) Present—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ.

■ MARGARET I. FINN, Respondent, v CRYSTAL BEACH TRANSIT Co., Appellant. (Appeal No. 2.)—Order unanimously affirmed, without costs. Memorandum: Permission to increase the ad damnum clause in an action for damages for personal injuries lies within the sound discretion of the court (Cox v New York Tel. Co., 10 AD2d 565; cf. Soulier v Harrison, 21 AD2d 725). In determining sound discretion, prejudice to the defendant is a consideration (Boehm v Ekco Prods. Co., 47 AD2d 807; Matter of McNally v Mosbacher, 36 AD2d 522; Ryan v Collins, 33 AD2d 966). Where knowledge is had by defendant of the nature of injuries sustained by plaintiff, delay alone in seeking amendatory ad damnum relief has been held not to constitute prejudice sufficient to warrant denial (Yerdon v Baldwinsville Academy, 39 AD2d 824; Smith v University of Rochester Med. Center, 32 AD2d 736). Here, defendant was apprised of the nature of plaintiff's injuries upon the service of her initial bill of particulars and the subsequently served further bill of particulars. The granted increase in the ad damnum clause constitutes a mere re-evaluation of plaintiff's cause of action by substituted counsel, adding no substantive change to her complaint against the defendant (see Koupash v Grand Union Co., 34 AD2d 695; Bird v Board of Educ., 29 AD2d 812; Soulier v Harrison, 21 AD2d 725, supra; Natale v Great Atlantic & Pacific Tea Co., 8 AD2d 781). On this record we find no reason to disturb Special Term's order. (Appeal from order of Erie Supreme Court—ad damnum clause.) Present—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ.