OPINION OF THE COURT
Fred T. Santucci, J.
In this medical malpractice action the defendant moves to discover and inspect, by way of authorization, the records relative to marriage counseling of the plaintiffs in the possession of Reverend Dr. Thomas Morrow.
The plaintiffs resist the defendant’s demand asserting their clergyman-penitent privilege citing CPLR 4505 which sets forth the following: "Unless the person confessing or confiding *39 waives the privilege, a clergyman, or other minister of any religion or duly accredited Christian Science practitioner, shall not be allowed to disclose a confession or confidence made to him in his professional character as spiritual advisor.”
The plaintiffs’ bill of particulars dated October 6, 1986 at paragraph 8 thereof alleges that the malpractice of the defendant, "caused the plaintiffs’ marital relationship to suffer substantially and irreparably”.
It is evident from the examination before trial of the plaintiff Anna Ziske that the marriage counseling was provided to the plaintiffs separately and jointly by Reverend Morrow, a Roman Catholic priest.
The statute protects from disclosure not only confessions which are compulsory under religious doctrine, but also communications made for the purpose of seeking religious counsel, advice, solace, absolution or ministration (Matter of Fuhrer, 100 Misc 2d 315). For the communication to be privileged, it must be made to the clergyman in his professional capacity or character by a person seeking religious or spiritual advice, and/or comfort in order to enable the clergyman to discharge the functions of his office (De’Udy v De’Udy, 130 Misc 2d 168). The CPLR protects communications between attorney and client (CPLR 4503), spouses (CPLR 4502), patient and physician, dentist or nurse (CPLR 4504), penitent and clergyman (CPLR 4505), patient and psychologist (CPLR 4507), and client and social worker (CPLR 4508). There appears in our law no statute to protect or hold confidential a communication between a marriage counselor and a seeker or seekers of such counseling. However, marriage counselors often will be clergymen, psychologists, physicians or social workers.
In a matrimonial action where the parties, having separately attended marriage counseling conducted by the minister at the church of their attendance, waived the privilege in open court, it was held that the minister cannot assert the privilege. (De’Udy v De’Udy, supra.)
It has been held that it cannot be supposed that either of the plaintiffs would have been willing to disclose their marital problems to their clergyman, if they thought that what they said would ever be divulged, even in a judicial proceeding (Kruglikov v Kruglikov, 29 Misc 2d 17). However, in the instant matter, it is the opinion of the court that by setting forth damage to their marital relationship, at paragraph 8 of *40 their bill of particulars, the plaintiffs have waived the privilege of their communication with Reverend Morrow during his counseling of them, solely as to their marital problems. Insofar as other communications with Reverend Morrow, not pertaining to marriage counseling, the privilege remains intact.
In order to protect the aforestated privilege as set forth by CPLR 4505, the motion is granted only to the extent that the defendants are granted leave to serve Reverend Morrow with a subpoena for the production of his records relating to his marriage counseling of the plaintiffs for in camera inspection by the court.
In the alternative, the plaintiffs may, if so advised, stipulate to strike from their pleadings all references to damages to their marital relationship and to their preclusion from offering evidence relevant to such item of damages.