■ In the Matter of IRVING DANIELS, Respondent, against AARON W. DANIELS, as President of Columbia Cable & Electric Corp., Appellant.— In a proceeding pursuant to article 78 of the Civil Practice Act, no answer was interposed but objections to the petition on the law were raised (Civ. Prac. Act, § 1293). The appeal is from (1) an order dated September 24, 1956 directing appellant, as president of a corporation, to refrain from engaging, fixing the compensation of, and discharging, employees of said corporation without the approval first obtained of the board of directors, directing him to enforce the by-laws of the corporation, and further directing him to reinstate two discharged employees and to cease and refrain from preventing them from performing their duties, and (2) from so much of an order dated October 19, 1956 on reargument as adheres to the original decision and as fails to grant appellant leave to interpose an answer or to stay execution of the order dated September 24, 1956. Order dated October 19, 1956 modified by striking

from the second ordering paragraph everything following the word "reargument" and by substituting therefor the following: "the petition herein be and the same hereby is granted to the extent hereinafter provided for; and it is further Ordered that respondent, Aaron W. Daniels, as President of Columbia Cable & Electric Corp. be and he hereby is directed: 1. To reinstate Daniel Luskind as Controller of said Corporation and assistant to petitioner, Irving Daniels, as purchaser of major supplies; 2. To reinstate Joan Lane as an employee of said Corporation in the position in which she served prior to July 25th, 1956; and it is further Ordered that the petition be and the same hereby is in all other respects denied, without costs." As so modified order dated October 19, 1956, insofar as appealed from unanimously affirmed, without costs. The provisions of article 78 of the Civil Practice Act afford a simpler procedure for what was formerly a remedy pursued by mandamus, but they do not enlarge upon the scope of relief obtainable and are not appropriate to relief in the nature of a permanent injunction (*Matter of Walsh v. La Guardia*, 269 N. Y. 437; *Matter of Pagano Realty Corp. v. O'Dwyer*, 195 Misc. 157). Furthermore, the writ or order of mandamus (or order under art. 78) will issue only to compel the performance of a specific and definite act (*People ex rel. Garvey v. Democratic Gen. Committee of N. Y. County*, 175 N. Y. 415; *Matter of International Ry. Co. v. Schwab*, 203 App. Div. 68). The Special Term erred in directing appellant to refrain from engaging, fixing the compensation of, and discharging employees of the corporation, without the approval of the board of directors first obtained, and in directing him to enforce its by-laws. The uncontroverted allegations of the petition entitled respondent to an order directing appellant to reinstate the discharged employees. The proposed answer accordingly presents no triable issue of fact, and Special Term properly exercised its discretion in refusing to grant leave to interpose an answer. (*Matter of Auer v. Dressel*, 306 N. Y. 427; see *Matter of Durr v. Paragon Trading Corp.*, 270 N. Y. 464, 470–471.) Appeal from order dated September 24, 1956 dismissed, without costs. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.