Jacob Markowitz, J.
This is a proceeding, pursuant to article 78 of the Civil Practice Act, to restrain respondent, the Commissioner of Health, from regularly, recurrently and permanently designating Public Health Sanitarians from working in allegedly “ out-of-title work in the duties' of Senior Public Health Sanitarians ”, and for incidental relief.
As the result of a reclassification of civil service positions, pursuant to the Career and Salary Plan, the former positions of Health Inspectors, Grade 2 and Grade 3, were changed to the position of Public Health Sanitarians, and Health Inspectors, Grade 4, became Senior Public Health Sanitarians, Supervising Public Health Sanitarians and Chief Public Health Sanitarians, depending upon their duties, salaries and examination qualifications. Although the duties of the position of Public Health Sanitarian do not embrace supervisory work, various Public Health Sanitarians have been regularly, recurrently and perma *345 neatly assigned to supervisory work, which is a duty pertaining to .the higher position of Senior Public Health Sanitarian.
Petitioners are Public Health Sanitarians who, for the most part, are not performing supervisory work. They take the position that the practice charged permits the Commissioner of Health to fill positions of Senior Public Health Sanitarian which would otherwise be vacant and thus tends to dispense with the necessity of holding promotion examinations, thereby impairing petitioners’ opportunities for promotion. Although the interveners, generally consisting of persons performing the allegedly out-of-title duties, challenge petitioners’ right to maintain this proceeding, no such contention is made on behalf of 'the Commissioner. Since the practice charged, if illegal, would be subversive of the purpose of competitive civil service, petitioners have the right to maintain this proceeding (Matter of O’Reilly v. Grumet, 308 N. Y. 351).
The acts of the Commissioner are sought to be justified on the theory that, prior to the reclassification pursuant to the Career and Salary Plan, the persons claimed to be working out-of-title were Public Health Inspectors, Grade 3,11 who had been lawfully assigned to and were the permanent incumbents of supervisory positions in the Health Department ”, and that, therefore, they possessed rights and status in these supervisory positions which could not legally be impaired or adversely affected by the reclassifcation. It is true that a resolution of the City Civil Service Commission, dated August 19, 1954, provides that the rights and status of the permanent incumbent of any position subject to the Career and Salary Plan shall not be adversely affected or impaired by a reclassification pursuant to said plan (§ VII). The difficulty with the Commissioner’s position is that it is founded upon the erroneous premise that prior to the reclassification, Public Health Inspectors, Grade 3, could be permanently assigned to supervisory duties and thus acquire rights and status as supervisors. It is true that two notices of examination for the position of Health Inspector, Grade 3, included in the description of the duties of the position, supervisory work. (The later of the two notices, it is to be observed, added the qualifying words “when required”.) In Morisani v. Baumgartner (N. Y. L. J., Nov. 8,1956, p. 7, col. 3) Mr. Justice Bexvbxga held that the supervisory duties which a Grade 3 Public Health Inspector might be required to perform were only of a temporary nature, required by an emergency, as distinguished from the permanent supervisory duties of a Grade 4 Public Health Inspector. The court said: “It is true, as respondent points out, that a grade 3 inspector may be required *346 to ‘ supervise the work of other inspectors and perform related ’ work. But, plainly, the law contemplates that such supervisory duties must be of a temporary nature, and not of a permanent nature, and must be due to an emergency. ’ ’ It was only because there was an issue of fact as to whether the petitioners in that case were being compelled recurrently and for long periods of time to perform duties of a higher grade that the court refrained from granting the prayer of the petition. A holding that a permanent assignment of a Grade 3 Public Health Inspector to supervisory duties could validly be made, prior to the reclassification pursuant to the Career and Salary Plan, would have obliterated the essential difference or distinction between the positions of Public Health Inspector, Grade 3, and Public Health Inspector, Grade 4.
It is to be noted that a letter written by the Commissioner of Health, which is annexed to the petitioners ’ reply, indicates that Grade 3 Inspectors “ were asked to assume supervisory and administrative responsibilities ” because of the failure to hold promotion examinations for Grade 4, and that another letter of the Commissioner expressly recognized that assignments made to “ senior or supervisory grade positions ” were “ out-of-grade assignments ”.
The case of Matter of Mandle v. Brown (5 N Y 2d 51) is not in point here, since there the petitioner and those whose assignments to higher titles in the reclassification he complained of, had been in the top grade, with no salary limit, and no question of improper promotions was therefore involved (p. 62).
For the reasons indicated, the motion is granted. Settle order, including a date for compliance with the order to be entered hereon.