◼ In the Matter of HERBERT EDELMAN, as President of New York City Department of Health Employees, Local 768, District Council No. 37, American Federation of State, County and Municipal Employees Union, AFL-CIO, in Behalf of the Union, and Its Members, et al., Respondents, v. LEONA BAUM-GARTNER, as Commissioner of the Department of Health of the City of New York, et al., Respondents, and RUBIN FIELD et al., Intervenors-Respondents-Appellants.— Order, entered on January 26, 1960, permanently enjoining the respondent Commissioner of Health from designating the intervenors to the duties of senior public health sanitarians unanimously reversed, on the law, on the facts and in the exercise of discretion and the petition dismissed, without costs. This article 78 proceeding is maintained on behalf of a group of senior public health sanitarians to restrain the Commissioner of Health "from regularly, recurrently and permanently designating" any public health sanitarians to the duties of senior public health sanitarians. The relief sought is solely injunctive and it is not literally within any of the forms of remedy described in sections 1283 and 1284 of the Civil Practice Act, nor is the permanent injunction that has been granted at Special Term on the papers incidental to any relief appropriate to article 78. The relief sought does not fall within any of the questions described in section 1296 as the exclusive issues to be determined in a proceeding of this kind. Petitioners do not show that the respondents must appoint them as senior sanitarians, or must perform any duty in respect of their positions for which relief in the nature of mandamus would lie. If the relief to which a party is entitled is an injunction, it should be sought in an appropriate action; and even the liberal provisions of section 1300 would not save such a proceeding as this. Besides this, even if mandamus were appropriate, petitioners must show a clear legal right to prevent the Commissioner from "designating", as the prayer for relief asks, any sanitarians to the work of senior sanitarians. It is at least debatable whether as to some, and perhaps all, the intervenors, the job descriptions under which they were appointed did not contemplate supervisory work and whether they were not actually performing supervisory work as part of their duties before the career and salary plan classifications were effective; and were thus preserved in the supervisory status. Even on the argument in this court, the nature of those duties and job descriptions were left doubtful enough to require either a denial of mandamus if mandamus had been sought, or at least a full trial of the issues so that there can be a settled factual basis to decide whether or not a clear legal right to relief exists. The intervenors-appellants show sufficiently to sustain their right to appeal that they are aggrieved by the injunction. We do not pass on the ultimate merits of the controversy, but decide merely that the injunction ought not to have been granted on the papers before the Special Term. Consequently too, this disposition is without prejudice to the administrative proceedings now pending or which may become pending under the career and salary plan. Concur — Botein, P. J., Breitel, McNally, Stevens and Bergan, JJ. [23 Misc 2d 344.]

◼ In the Matter of PHILIP R. SHERIDAN et al., Respondents, v. STEPHEN P. KENNEDY, as Police Commissioner of the City of New York, Appellant.— Motion for a stay dismissed, having become academic by virtue of the decision of this court in *Matter of Sheridan* v. *Kennedy* (12 A D 2d 332). Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.