In the Matter of KING ROAD MATERIALS, INC., Respondent, v. TOWN BOARD OF THE TOWN OF ROTTERDAM, Appellant.

Third Department, November 9, 1971.

*George V. Palmer* (*Sebastiano P. Occhino* of counsel), for appellant.

*Clark, Bartlett & Caffry* (*Robert S. Stewart* of counsel), for respondent.

AULISI, J. This is an appeal from a judgment of the Supreme Court at Special Term, entered September 10, 1970, in Schenectady County, which granted petitioner's application, in a pro-

ceeding under article 78 of the CPLR, to vacate and set aside an ordinance enacted by the Town Board of the Town of Rotterdam, Schenectady County, limiting the laden weight of trucks utilizing certain town highways.

The disputed ordinance, Local Law No. 9 for the year 1970, adopted by the Town Board of the Town of Rotterdam on August 5, 1970, prohibits the operation of all motor vehicles weighing in excess of eight tons, except for local pickup and delivery purposes only, on Campbell Road, Highbridge Road and Kings Road in the Town of Rotterdam.

According to the petition, petitioner owns and operates an asphalt concrete plant located in the Town of Colonie directly adjacent to the Town of Rotterdam. In connection with the operation of its business, petitioner and its customers, utilizing by necessity heavy duty dump trucks weighing unladen in excess of eight tons, make frequent and regular use of the three town roads affected by the ordinance. These particular roads, the petition alleges, provide the only suitable connection in the Town of Rotterdam for this type of truck traffic with the New York State Thruway, Interstate Route 890 and New York State Highways 7 and 146, all of which are major arteries passing through the Town of Rotterdam and likewise regularly used by petitioner's employees and customers.

Aggrieved by the adoption of the ordinance, petitioner instituted this proceeding pursuant to CPLR article 78 seeking a judgment prohibiting and restraining the town from enforcing or otherwise proceeding in any fashion under that ordinance.

The trial court granted petitioner's application, ruling that the challenged ordinance was defective in that the consent of the Department of Transportation, required by virtue of sections 1660 and 1684 of the Vehicle and Traffic Law, was never obtained. The appeal now before us for consideration was taken from that decision.

Preliminarily, an issue requiring resolution is the appropriateness of the article 78 procedure employed by the petitioner to challenge the ordinance's validity. The propriety of instituting proceedings pursuant to that article to invoke judicial review of administrative and related determinations is established without question. However, also well settled is the rule that an article 78 proceeding may not be utilized to review legislative action (*Matter of Lakeland Water Dist.* v. *Onondaga County Water Auth.*, 24 N Y 2d 400). Petitioner herein seeks quite simply an adjudication by the court as to the ordinance's validity and in order to obtain that type of adjudication, an authorized procedure is available and an action to declare the invalidity of the ordinance

may properly be maintained (*Matter of Mandis* v. *Gorski*, 24 A D 2d 181; CPLR 3001; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3001.06g).

Our ruling that an article 78 proceeding was not the proper form for prosecuting this action does not, however, compel a dismissal of the proceeding. CPLR 103 (subd. [c]) provides ample authority for us to regard the present proceeding as an action for a judgment declaring the invalidity of Local Law No. 9 for the year 1970 (see *Matter of Phalen* v. *Theatrical Protective Union No. 1*, 22 N Y 2d 34; *Matter of Mandis* v. *Gorski, supra*).

Having resolved that matter, we next consider the issue which the trial court ruled was determinative: whether the town's failure to obtain approval of the Department of Transportation renders the ordinance invalid.

Section 1660 (subd. [a], par. 17) of the Vehicle and Traffic Law empowers town boards to enact ordinances which exclude "trucks, commercial vehicles, tractors, tractor-trailer combinations and trucks in excess of any designated weight from designated highways." That section is, however, expressly made subject to section 1684 of the Vehicle and Traffic Law which provides: "No local authority shall place or maintain any traffic-control device on any state highway maintained by the state, or at any location so as to prohibit, restrict or limit the movement of traffic proceeding along, entering or crossing such highway, nor shall any ordinance, rule or regulation affecting traffic or stopping, standing or parking on state highways maintained by the state be effective unless or until approval in writing has been obtained from the department of transportation". Whether Department of Transportation approval was required depends upon whether the challenged ordinance can be construed as "affecting traffic * * * on state highways." No evidence was introduced to demonstrate that the three restricted town roads provided the only access to the various State highways which pass through the town; to the contrary, it is apparent that these roads, taken together, merely constitute one particular route or means of access. In this context the rule that the quoted section applies would effectively render the delegation of power provided by section 1660 meaningless and would be tantamount to requiring department approval in practically all instances of town imposed truck weight restrictions since practically every road, either directly or indirectly, can be considered as providing access to a State highway. A more substantial and immediate effect upon traffic on the State highway is required before Department of Transportation approval must be

obtained. The ordinance in question does not fall within the scope of section 1684 and consequently department approval was never necessary.

In view of its ruling, the trial court never had occasion to evaluate the validity of the disputed ordinance according to well-established standards (see *Bakery Salvage Corp. v. City of Lackawanna,* 30 A D 2d 207, affd. 24 N Y 2d 643) or to hold a bearing to elicit and develop the requisite factual data upon which such an evaluation might be made. As a result of our determination herein, further proceedings in this regard are required and a consideration of the additional contentions proposed by the parties and ultimately a determination by the trial court of the ordinance's validity or invalidity is essential to a complete and final resolution of this controversy.

The judgment should be reversed, on the law and the facts, and the matter remanded for further proceedings, not inconsistent herewith, without costs.

REYNOLDS, J. P., STALEY, JR., COOKE and SIMONS, JJ., concur.

Judgment reversed, on the law and the facts, and matter remanded for further proceedings not inconsistent herewith, without costs.