■    MURRAY I. DANN, as Executor of DAISIE HOWARD, Deceased, Respondent, v. FLORENCE L. SANDS, as Executrix of CARL G. LEBER, Deceased, et al., Appellants. (And Another Action.) — Appeal from an order of the Supreme Court in favor of plaintiff, entered May 11, 1971 in Broome County, upon a decision of the court at an Equity Term, and the judgment entered thereon. Action No. 1 was brought for the purpose of setting aside a deed dated March 7, 1962 and recorded on March 12, 1962 which was given by the plaintiff's testatrix, Daisie Howard, during her lifetime to the grantees Mr. and Mrs. Leber and a second deed dated August 1, 1964 and recorded on November 17, 1964, which deed was executed by Carl Leber, acting under a power of attorney executed by Mrs. Howard on April 29, 1964, to himself, extinguishing the life estate of Daisie Howard. All the parties to those transactions were deceased prior to the commencement of this action. The second action was commenced to recover the sum of $11,198.57 which was the amount on deposit in a certain bank account belonging to Daisie Howard at the time she added the name of Mrs. Leber to such account in 1960 so as to convert the account to a joint account payable to either or the survivor. The bank account was very nearly depleted by the time Mrs. Leber died in November of 1962. The aforesaid transactions were made by Daisie Howard after the death of her husband in September of 1959. The theory of the action was that Daisie Howard at the time she added Mrs. Leber's name to the bank account and at the time of the execution of the subject deeds was so mentally incompetent as not to have understood the nature of her acts and the proof at the trial was directed solely to the issue of Mrs. Howard's competency. Upon the trial the court, in response to objections by the defendants' counsel to hearsay statements of various witnesses, for all practical purposes directed such counsel not to make such objections as the court would, upon completion of the trial, render its decision only upon proper evidence. While the failure to sustain proper objections in a trial held before a Judge without a jury would not ordinarily result in a reversal of such a Judge's ultimate decision, the practice of overtly admitting otherwise inadmissible evidence is not to be condoned. In a close case an accumulation of hearsay evidence admitted

at the direction of the Trial Judge could have a persuasive effect where the ultimate facts to be found must be inferred from the facts established upon legal evidence in the record. The trial court in the present case did not set forth appropriate findings of fact either in his decision or separately which would or could support his ultimate conclusion that "Daisie Howard at the time she conveyed or gave away her property was so enfeebled in mind and body as to be unable to comprehend the nature of her acts and the purport of what she was doing; that she was laboring under such stress and apprehension that her actions were not voluntary". A new trial will be granted as to one issue, that of the value of the life estate which Carl Leber attempted to extinguish by the deed of August 1, 1964. As to the other issues, however, the case need not be remitted for appropriate findings as upon the present record the plaintiff failed to establish such mental and physical incompetency on the part of Mrs. Howard as would warrant rescission of the deed executed by Mrs. Howard to the Lebers or the mandatory relief of a reconveyance from the estate of the Lebers and further there is no showing which would support a finding that the depletion of the bank account was unwarranted and/or overreaching on the part of Mrs. Leber. (Cf. *Tate* v. *Murphy*, 202 Okla. 671.) The testimony adduced in this record from witnesses who had contact with Mrs. Howard during the period of time at issue establishes only one possible conversation by Mrs. Howard early in the year 1960 which could be patently considered irrational and even that witness stated that during that conversation Mrs. Howard would sometimes appear normal and make rational comments. The overwhelming weight of the testimony given by those persons who were acquainted with Mrs. Howard during the period in question was to the effect that she was not irrational and that she was mentally competent during the entire period of time. Upon the present record we find that, at the time she created the joint bank account with Mrs. Leber and at the time she executed the first deed to the Lebers, Mrs. Howard was not shown by the plaintiff to have been mentally incompetent. There is an exhibit consisting of the notes made by a doctor who visited her at least monthly during the period of time in question which does at points indicate that on occasion Mrs. Howard was confused or forgetful. However, that exhibit would not affect the 1960 transaction as to the bank account and, furthermore, it fails to raise a reasonable inference that Mrs. Howard was in any way mentally incompetent at the time of the transactions in question. The record establishes that soon after the death of Mrs. Howard's husband she began to have trouble with her eyesight and that eventually her vision became extremely limited, and perhaps it was so poor that she could be considered as blind by the time she executed the deed in 1962. It is further established upon the present record that she became physically weakened, to the point where she could not walk for great distances without resting and that her balance became affected to the point where she did not walk outside of her residence without a companion. However, the record does not establish that her physical condition was of such a nature as to render her helpless or to support a possible inference that she was at the mercy of the Lebers who lived in the same residence. It is affirmatively established that throughout the periods of time in question Mrs. Howard had many contacts with people outside the presence of the Lebers and it does not appear that she could not have either caused the Lebers to vacate the residence or vacated the same if she so desired. The plaintiff has not established that Mrs. Howard was so enfeebled physically as to render the transactions at issue suspect and we so find. It is apparent from the evidence in this record that Mrs. Howard

gave her worldly goods to the Lebers with the understanding that they would take care of her and the deed in issue expressly reserved a life estate to Mrs. Howard. The record also establishes that the Lebers acknowledged that the property given to them by Mrs. Howard either *inter vivos* or by will was because they were to take care of Mrs. Howard. It is apparent that Mrs. Howard was seeking to secure and protect her ability to live in her residence for so long as such was reasonably possible. The record establishes that the Lebers did in fact provide for the needs of Mrs. Howard in all respects until Mrs. Howard apparently attempted suicide in 1964 and was thereafter admitted to the Binghamton State Hospital as an incompetent upon a health officer's commitment. Mrs. Howard remained committed in that hospital until her death in October of 1966. Upon the present record it is established that the Lebers fully performed their obligations upon any implied or expressed agreement with Mrs. Howard with regard to the transfer of her property and we so find. We find that the plaintiff failed to establish any fraud or failure to perform contractual duties on the part of Mr. and Mrs. Leber which would affect the 1962 conveyance or the 1960 bank account transaction. The plaintiff failed to establish that throughout the period of time in question Mrs. Howard had any next of kin who could take care of her needs and it was established that her sole intestate next of kin would have been a brother who had been committed to State institutions, apparently for incompetency, since about 1936. In this regard, the will admitted to probate and by which the plaintiff was appointed executor made a gift of the income from $5,000 per year to the incompetent brother and gave everything else to Mrs. Leber. The Lebers had been residing in the downstairs apartment of Mrs. Howard's two-family house prior to the death of Mr. Howard in 1959 and the probated will referred to recites that as of September, 1959 Mrs. Leber was Mrs. Howard's "good friend" and further that even at that early date Mrs. Leber had been "of tremendous help to me and has been very loyal in looking after me". The present record does not establish that the transactions complained of would have the result of diverting Mrs. Howard's estate from persons who would otherwise be considered the natural recipients of her worldly goods. The plaintiff has failed to establish any evidence which would support a clear inference of overreaching, with the exception of the deed executed by Carl Leber as attorney in fact for Daisie Howard. While there is nothing to indicate that Mrs. Howard was not competent to execute the power of attorney on April 29, 1964 it appears that when Mr. Leber executed the deed extinguishing her life estate on August 1, 1964, she had already been in the State hospital and incompetent for more than one month. The law of this State is that, "when a principal becomes insane and legally incapacitated, the agency is revoked by reason of that fact, at least with respect to persons having notice of such incapacity. Thus it has been held that the authority of an agent acting under a power of attorney ceases or is suspended by the insanity of his principal." (2 N. Y. Jur., Agency, § 73, p. 241 [Supp.].) Thus, Leber's authority to execute the deed of August 1, 1964 was suspended and that deed is void. Order and judgment reversed, on the law and the facts, except as to so much thereof as declares null and void the deed from Daisie Howard, by her attorney in fact, Carl G. Leber, to Carl G. Leber, dated August 1, 1964, as to which the judgment is affirmed; and the matter remitted to Supreme Court for a determination of the value of the life estate of Daisie Howard, from August 1, 1964 to October 13, 1966, with one bill of costs to appellants. Herlihy, P. J., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur.