BANKERS TRUST COMPANY OF ALBANY, N.A., et al., as Executors of John A. Becker, Deceased, Respondents, v ROBIN B. MARTIN et al., Appellants. (Action No. 1.)

ALISON C. MARTIN et al., Appellants, v BANKERS TRUST COMPANY OF ALBANY, N.A., et al., as Executors of John A. Becker, Deceased, Respondents. (Action No. 2.)

Third Department, April 8, 1976

*Streifer & Barnovitz, P. C. (David M. Barnovitz* of counsel), for appellants.

*Cooper, Erving & Savage (James G. Brennan* of counsel), for respondents.

REYNOLDS, J. The plaintiff, Bankers Trust Company of Albany, N.A., as conservator of the property of John A. Becker, brought Action No. 1 to obtain specific performance of a contract for the sale of real property to appellants or in the

alternative to obtain damages for breach of contract and to recover damages caused by appellants' refusal and delay in completing the sale. The appellants commenced Action No. 2 to recover their down payment of $5,000 made on the execution of the contract and to recover damages for expenses incurred by them. In their complaint appellants alleged four separate causes of action which were all predicated on the allegations that John A. Becker, the owner of the real property and the principal for whom the plaintiff Bankers Trust Company of Albany, N.A., as attorney in fact, negotiated the contract of sale, was incompetent at the time and, consequently, the contract was a nullity and unenforceable by any party thereto. On stipulation, the separate actions were consolidated. The appellants moved for summary judgment.

Special Term denied appellants' motion and, pursuant to CPLR 3212 (subd [b]), granted summary judgment in favor of plaintiff on its three causes of action. On this appeal, appellants claim (1) that Becker, the owner of the property, was incompetent at the time the contract of sale was executed on his behalf by his attorney in fact and that his incompetency revoked the power of attorney and that, consequently, the contract of sale was void; (2) that plaintiff is in no event entitled to judgment for both specific performance of the contract and damages for breach of contract for failure to complete the sale; and (3) that appellants are discharged from all liability because of developments subsequent to the decision at Special Term.

At the outset we note that the principal was never judicially declared to be incompetent and that the appointment of a conservator is not evidence of the incompetency of the conservatee (Mental Hygiene Law, § 77.25, subd [b]). There is no claim or proof in the record that the principal was incompetent at the time he executed the power of attorney. Even if Becker, the principal, were incompetent at the time the contract was made by his attorney in fact, the contract is not void, but only voidable at the option of the principal upon his regaining competency or by some duly authorized representative. A contract and a power of attorney made by an incompetent person prior to formal adjudication are not void, but only voidable and may be ratified and approved by the incompetent person upon recovering his competency or by a duly authorized person on behalf of the incompetent (*Ortelere v Teachers' Retirement Bd. of City of N.Y.,* 25 NY2d 196; *Verstandig*

*v Schlaffer,* 296 NY 62; *Finch v Goldstein,* 245 NY 300; *Blinn v Schwarz,* 177 NY 252; *Merritt v Merritt,* 43 App Div 68; "Civil Insanity": The New York Treatment of the Issue of Mental Incapacity in Non-Criminal Cases, 44 Cornell L Rev, p 76). In *Blinn v Schwarz (supra)* the court held a deed and a power of attorney executed by an incompetent were not void, but only voidable at the option of the incompetent, his committee thereafter appointed, or his personal representative or heir. The court explained that the rule was adopted to protect the incompetent and to give him the benefit of favorable contracts and to relieve him from burdensome contracts. At page 263 the court said: "We think the rule laid down by these cases is sound and in the interest of those afflicted with disease of the mind. The deed of a lunatic is not void, in the sense of being a nullity, but has force and effect until the option to declare it void is exercised. The right of election implies the right to ratify, and it may be greatly to the advantage of the insane person to have that right. If the deed or contract is void, it binds neither party, and neither can derive any benefit therefrom, but if voidable, the lunatic, upon recovering his reason, can hold on to the bargain if it is good and let go if it is bad. This option is valuable, for it gives him the power to do as he wishes, and to bind or loose the other party at will."

In this case the record shows that the bank as conservator ratified the contract. Upon proper application to the Supreme Court, a judgment was granted approving and confirming the proposed sale to appellants and directing the conservator to convey the real property to appellants in accordance with the terms and conditions of the contract. The court was correct in granting summary judgment for plaintiffs. Our decision in *Dann v Sands* (38 AD2d 661, app dsmd 30 NY2d 944) is not in conflict with this decision. In *Dann* the personal representative of the incompetent elected to disaffirm a deed executed by the incompetent's attorney in fact to himself. The deed became void upon valid disaffirmance. The plaintiffs herein alleged a cause of action seeking specific performance of the contract of sale or in the alternative a cause of action for damages for breach of contract (CPLR 3014). On this appeal, plaintiffs concede it was error to grant summary judgment for both causes of action and they have consented in their brief that the judgment, insofar as it decrees specific performance, may be vacated. We do not consider appellants' third point

that they are discharged by plaintiffs' conduct subsequent to the rendition of the judgment on this issue. This issue was not presented to the trial court and was not properly presented on the record. "Matters contained in the brief, not properly presented by the record, are not to be considered by an appellate court (see *Dixon v La Guardia,* 277 NY 84, 89; *Smith v Slimak,* 215 App Div 637)." *(Mulligan v Lackey,* 33 AD2d 991, 992; see, also, *Kahn v City of New York,* 37 AD2d 520, affd 30 NY2d 690.)

The order and judgment should be modified, on the law and the facts, by vacating so much thereof as directs appellants to specifically perform their contract with plaintiffs, and, as so modified, affirmed, with costs to plaintiffs.

GREENBLOTT, J. P., SWEENEY, MAHONEY and HERLIHY, JJ., concur.

Order and judgment modified, on the law and the facts, by vacating so much thereof as directs appellants to specifically perform their contract with plaintiffs, and, as so modified, affirmed, with costs to plaintiffs.