■ In the Matter of James B. Kilgallon, Individually and as President of the Troy Police Benevolent Association, Inc., Appellant, v City Council of the City of Troy et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered April 19, 1976 in Rensselaer County, which denied petitioner's application in a proceeding pursuant to CPLR article 78. In 1973 the Troy Commissioner of Public Safety issued to the Bureau of Police General Order 73-3, establishing a system to review complaints of police misconduct. Pursuant to the order all complaints are to be referred to the accused's commanding officer. If the complaint is minor and can be resolved through a conference between the complainant, the policeman and the commander, a report summarizing the matter, signed by the complainant, is to be forwarded to the "Professional Standards Unit". This unit, comprised of Public Safety Department members appointed by the commissioner, would review the report. A commanding officer receiving a complaint alleging "a violation of laws or ordinances or a serious transgression of the rules or orders of the department" would assign a register number to the complaint and immediately notify the Professional Standards Unit of all details. The unit would then conduct an investigation or direct the appropriate commanding officer to do so. Final reports of all investigations are to be delivered to the commissioner, who may approve the report or remand it to the unit for further action. If the commissioner concludes corrective or disciplinary action is necessary, he may take the action himself or leave it to the discretion of the policeman's commanding officer to do so. The general order further provides that all "files of the Unit are hereby

classified 'Confidential' and shall be available only upon written permission of the Commissioner." On March 8, 1976 the City Council passed a resolution directing the commissioner to "provide all reports and files of the Professional Standards Unit to the members of the City Council * * *. Be It Further Resolved, that these reports and the files of said Unit be reviewed in a *confidential manner*". The Troy Police Benevolent Association brings this article 78 proceeding in the nature of prohibition to strike down the resolution as beyond the power of the council. Special Term dismissed the petition. A petition for a writ of prohibition is not a proper proceeding to challenge legislative action. The Court of Appeals recently noted *(Matter of Dondi v Jones,* 40 NY2d 8; see 23 Carmody-Wait 2d, NY Prac, § 145:215, p 788) ·in dictum that the writ of prohibition "must be directed to some inferior judicial tribunal or officer and lies to prevent or control judicial or quasi-judicial action only, as distinguished from legislative, executive or ministerial action. [Citation omitted.]" The proper form to test the validity of this local resolution is by declaratory judgment (see, e.g., *Matter of King Road Materials v Town Bd. of Town of Rotterdam,* 37 AD2d 357, 358–359, affd 32 NY2d 890). Rather than dismiss the proceeding for improper form, the dispute will be decided on the merits by regarding this as an action for declaratory judgment (CPLR 103, subd [c]; *Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400, 408-409). We are, therefore, called upon to declare if it is within the power of the Troy City Council, by resolution, to compel the production of records within the control of the Professional Standards Unit of the Department of Public Safety. It is clear from the grant of power from the State (General City Law, § 20, subd 21; Second Class Cities Law, § 40) and the adoption of the power by the City Charter (art 2, §§ 2.05, 2.05.1) that the City Council of Troy may create standing committees to monitor departments of the city government and determine if they are functioning properly. Specifically, subdivision 21 of section 20 of the General City Law empowers the council to "investigate and inquire into all matters of concern to the City or its inhabitants, and to require and enforce by subpoena the attendance of witnesses at such investigations". (See, also, Second Class Cities Law, § 40; Charter of the City of Troy, § 2.09; *Hanna v Common Council of City of Utica,* 46 AD2d 503.) It follows, therefore, that the provisions of the General City Law, Second Class Cities Law and the Charter of the City of Troy are not only compatible but, collectively, empower, authorize and define the machinery by and through which the city may investigate the police and fire bureaus of the city. Viewed in this light, we are called upon to construe the effect, if any, of the resolution passed by the Troy City Council which states in pertinent part: "Resolved * * * the City Council hereby requires that the Commissioner of Public Safety provide all reports and files of the Professional Standards Unit to the members of the * * * City Council." Given the statutory grant of power to the city to investigate, with its inherent right to issue legislative subpoenas in furtherance of that right, and the specific authority contained in the charter to investigate, issue subpoenas and to punish for noncompliance, the authority to so act is legislatively complete and the statutes are self-executing, requiring no further legislative action *(Matter of Jewett v Luau-Nyack Corp.,* 31 NY2d 298). Where general legislation (General City Law, § 20) and local ordinances (City Charter, § 2.09) are in effect, a municipality is free to act without passage of legislation in the form of additional ordinances, and where some routine preliminary matter needs attention, it may be dealt with by resolution *(Matter of Jewett v Luau-Nyack Corp., supra)*. Herein, in our view, the passage of the subject resolu-

tion was unnecessary to the implementation of the council's inquiry into the performance of the Professional Standards Unit of the Public Safety Department. The council could have issued subpoenas to whomever had possession and control of the records sought and that individual, presumably the Commissioner of Public Safety, could have sought judicial review of that which he was required to produce if he felt the subpoenas to be overbroad or otherwise defective (CPLR 2304). We cannot say that the council is without authority to issue a legislative subpoena, for such an act is in furtherance of the general power of inquiry conferred by the law of the State (General City Law, § 20). Petitioner contends that the resolution is invalid since it would expose records protected from public exposure by section 75 of the Civil Service Law and section 88 of the Public Officers Law. Section 75 of the Civil Service Law in no way restricts publication of employees' records. Subdivision 3 of section 88 of the Public Officers Law merely authorizes agencies which must surrender information under the Freedom of Information Law (Public Officers Law, art 6) to delete "identifying details" in order to prevent "An unwarranted invasion of personal privacy". The statute has no application here. Petitioner's argument based on a provision of its collective bargaining agreement with the city was not properly presented since the exact text of the provision is not on the record (see *Bankers Trust Co. of Albany, N. A. v Martin,* 51 AD2d 411, 414). Judgment modified, on the law and the facts, by vacating so much thereof as denies the application for a writ of prohibition and application insofar as it seeks a writ of prohibition dismissed; judgment directed to be entered in favor of respondents declaring that although they have the statutory power to investigate and inquire into the police bureau of the City of Troy that power should be exercised by subpoena rather than by resolution, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur. [86 Misc 2d 106.]