■ In the Matter of JOHN D. PLUMLEY et al., Respondents, v COUNTY OF ONEIDA et al., Appellants.—Judgment unanimously modified in accordance with Memorandum and as modified, affirmed, without costs. Memorandum: This article 78 proceeding seeks to void Resolution No. 90 adopted on April 16, 1976 by the Oneida County Board of Legislators and to enjoin respondents from paying out sums of money transferred by the resolution. Petitioners are taxpayers and one of them is a member of the board of legislators. Respondents are various officials of Oneida County. At the core of the dispute is a contract between Oneida County and the firm of Cole-Layer-Trumble (CLT) by which CLT agreed to perform certain services in connection with the revaluation of all properties in Oneida County for tax assessment purposes. The validity of that contract and the fact that money is due CLT under its terms is not in dispute in this proceeding. At a meeting of the board of legislators held April 16, 1976 the board voted to transfer $100,000 from one account to another to provide funds for a payment on account to CLT for services performed. By this proceeding petitioners challenge the method by which a meeting of the Oneida County Board of Legislators was convened April 16, 1976 and also the procedures followed at the board meeting in adopting the legislation to transfer funds. Special Term declared the meeting and the legislation adopted at the meeting void and enjoined any payment to CLT from the funds so transferred. We modify because the proceeding to review legislative action is an action for a declaratory judgment, not an article 78 proceeding (see *Matter of Lakeland Water Dist. v Onondaga County Water Auth.*, 24 NY2d 400, 407; *King Road Materials v Town Bd. of Town of Rotterdam*, 37 AD2d 357) and normally injunctive relief may not be granted in an article 78 proceeding *(Matter of Edelman v Baumgartner*, 12 AD2d 922; *Matter of Daniels v Daniels*, 3 AD2d 749). We, therefore, treat this proceeding as an action for declaratory judgment (CPLR 103, subd [c]). The meeting to transfer funds was a special meeting. The rules of the county legislature provide that such meetings may be called upon 48-hours' notice to each member of the board. The notice may be served either personally or by mail and a board member may waive notice by a writing signed by him. (The applicable board rule, No. 5, is identical to the language of subdivision 2 of section 152 of the County Law). It is conceded that the board members did not, indeed could not because of the time the notice was issued, receive 48-hour notice of the April 16 meeting. Nevertheless, the Sheriff attempted to complete service and 34 of the 37 board members attended the meeting in person. Of the three absent members, one signed a statement waiving notice after this litigation was commenced but the other two did not sign waivers. In the case of one of these three members, Winkler, the Sheriff's return specifically indicates that he refused to sign a waiver. The meeting, having been called contrary to the rules of the board and the statute, was a nullity and legislation passed at the meeting was void, and nothing done by those members at the meeting could cure the defect as to the absent members. Respondents also allege that Special Term's order was invalid because CLT was a necessary party and that the proceeding may not be maintained because of petitioners' laches. Since neither the validity of CLT's contract with the county nor its right to

progress payments were in issue, CLT was not a necessary party to the proceeding. Furthermore, the 40-day period between the April 16 meeting and the institution of this litigation does not constitute laches. (Appeal from judgment of Oneida Supreme Court—art 78.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.