■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD G. SCHROEDER, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered May 7, 1979, convicting defendant upon his

pleas of guilty of the crimes of burglary in the second degree and burglary in the third degree. The defendant was charged with crimes in two indictments. In the first indictment he was charged with the crimes of burglary in the second degree, grand larceny and petit larceny. In the second indictment he was charged with burglary in the third degree and petit larceny. Following plea bargaining negotiations, defendant entered pleas of guilty to the crimes of burglary in the second degree and burglary in the third degree in full satisfaction of both indictments. He was thereafter sentenced to concurrent indeterminate terms of imprisonment of from three to six years and two and one-half to five years, and this appeal ensued. Initially, we reject defendant's contention that the court erred in accepting his pleas of guilty within 18 hours after defendant had been charged with driving while intoxicated. The record reveals a meticulous questioning of defendant by the court prior to acceptance of the plea during which defendant stated that he had had 8 to 10 hours of sleep; that he had discussed the matter with his attorney; that he was fully aware of what the court said to him; and that he understood the legal effect of pleading guilty. Furthermore, the court had an opportunity to observe him. Defendant also argued that he was denied equal protection and due process of law by being prosecuted under a "Career Criminal Program" then in effect in Chemung County. The text of this "Program", however, has not been included in the record on appeal. Consequently, this argument has not been properly presented and we will not consider it on this appeal (see *Matter of Kilgallon v City Council of City of Troy,* 53 AD2d 976, 978; *Bankers Trust Co. of Albany, N. A. v Martin,* 51 AD2d 411, 414). Additionally, defendant, in our view, failed to adequately raise this issue before the County Court. The judgment, therefore, must be affirmed. Judgment affirmed. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.