■ KEVIN CURTIS et al., Appellants-Respondents, v TOWN OF MACEDON et al., Respondents-Appellants, and WASTE MANAGEMENT OF NEW YORK, INC., Respondent. (Appeal No. 2.)— Proceeding converted to declaratory judgment action. Judgment unanimously reversed, on the law, without costs, and judgment granted in favor of plaintiffs, in accordance with the following memorandum: We disagree with the trial court's interpretation of the 1978 agreement entered into between the Town of Macedon and Alpco, Inc., Waste Management's predecessor, for the operation of a sanitary landfill, and we conclude that the agreement imposed a limit on the source of the waste to be deposited at the landfill.

On its face, the agreement appears to limit the use of the landfill to the disposal of waste from persons living within the town and from businesses and industries doing business within the town. Any ambiguities in the agreement, however, may be resolved by reference to the surrounding circumstances, including the report (the Plumb report) submitted with Alpco's application for a permit to operate the landfill. That report was filed with the County Clerk when the Town Board authorized the 1978 agreement and granted the permit. It provides that:

"The service area for the proposed site would include the Town of Macedon, Town of Walworth and the private concerns now served by the existing landfill operated by Alpco, Inc. * * *

"The proposed landfill will receive all wastes currently disposed of at the Town of Macedon Landfill, including the Town of Macedon, Village of Macedon and the Town of Walworth * * *

"In addition to the wastes received by the Town of Macedon, refuse would continue to be accepted from those private haulers presently served by the existing landfill operated by Alpco, Inc. This quantity is estimated to be 52,000 cu. yd. per year."

The report also states that the town's landfill was receiving between 8,000 and 10,000 cubic yards of waste per year, and that it was fast approaching the end of its useful life. It was estimated that the new landfill would have sufficient capacity to handle the waste within the town for at least 10 years. Attached as an appendix to the report is a list entitled "Private Companies Hauling to Plumb Landfill" and many of these private companies were located outside of the Town of Macedon. These commercial and industrial users, along with the resource recovery operations, the report stated, would provide sufficient income to make the operation of the landfill feasible.

Read in the light of the surrounding circumstances, including the information in the Plumb report, the intent of the parties becomes clear. The town wanted to provide waste disposal facilities for its residents for an extended period of time, Alpco wanted to continue to serve its existing customers, and both wanted sufficient commercial and industrial users to make the operation of the landfill economically feasible. This was accomplished by limiting the use of the landfill to the disposal of waste from residents and entities located within the town and from those businesses and industries outside of the town then using the Alpco landfill.

We agree with Waste Management, however, that an injunction is not the proper remedy in this proceeding. In *Matter of Plumley v County of Oneida* (57 AD2d 1062), we held that injunctive relief normally may not be granted in a CPLR article 78 proceeding, and we converted the proceeding to a declaratory judgment action. We do so here and we declare that the 1978 agreement and the operating permit limit the waste to be deposited at the landfill to waste generated by residents of the Towns of Macedon and Walworth and by entities located therein and by businesses and industries serviced by Alpco, Inc., as listed in the schedule attached to the Plumb report.

We do not address or decide any other issue. (Appeals from judgment of Supreme Court, Wayne County, Parenti, J.—art 78.) Present—Doerr, J. P., Boomer, O'Donnell and Schnepp, JJ.