■ In the Matter of RAYMOND CIERVO, Respondent. MENELAOS METALIOS, Intervenor-Appellant; ITALIO CIERVO et al., Respondents.

The conservatee, Mrs. Benfari, executed a power of attorney in favor of her brother, Joseph P. Ciervo, in October 1983. Pursuant to the power of attorney, Joseph P. Ciervo executed a contract for the sale of the subject premises to the appellant for $175,000 in April 1985. Joseph P. Ciervo then died in an automobile accident in early May 1985 before the closing was scheduled to take place. Mrs. Benfari's niece petitioned the court for the appointment of a conservator, and presented evidence that Mrs. Benfari had been incompetent since at least January 1985. The court appointed Raymond Ciervo, Joseph P. Ciervo's son, as conservator.

The power of attorney executed by Mrs. Benfari did not provide for the authority conferred thereby to continue in the event of her subsequent disability or incompetence. Consequently, the contract which was executed after she was already mentally incompetent was voidable at the option of Mrs. Benfari's conservator (see, Bankers Trust Co. v Martin, 51 AD2d 411; General Obligations Law § 5-1601 [1]). Inasmuch as the contract price was lower than either the appraised value or the highest bid, the court properly granted the conservator permission to accept the highest bid, and, inter alia, set aside the voidable contract. Mangano, J. P., Bracken, Brown and Eiber, JJ., concur.