■ In the Matter of the Conservatorship of FRED B. SCHILLING. WILLIAM O. CAVE, Appellant; JOEL KAPLAN, Respondent. [607 NYS2d 707] —In a proceeding pursuant to Mental Hygiene Law article 77 for the appointment of a conservator, the petitioner appeals from so much of an amended judgment of the Supreme Court, Nassau County (Wager, J.), entered August 26, 1991, as, upon voiding ab initio a power of attorney in favor of the petitioner, directed the petitioner to pay over to the conservator the sum of $472,440.13. The petitioner's notice of appeal from an order of the same court, dated March 12, 1991 (DiPaola, J.), is deemed a premature notice of appeal from the amended judgment (see, CPLR 5520 [c]).

Ordered that the amended judgment is reversed insofar as

appealed from, on the law, with costs, payable out of the estate of the now deceased conservatee; and it is further,

Ordered that the provision of the order dated March 12, 1991, which voided *ab initio* a power of attorney in favor of William O. Cave is vacated.

In June 1987 the conservatee (now deceased) executed a power of attorney in favor of the petitioner William O. Cave. The power of attorney stated that it would "not be affected by the subsequent disability or incompetence of the principal". Pursuant to that power of attorney, Cave undertook a number of financial transactions on behalf of the conservatee. In February 1990 Cave commenced the instant proceeding to appoint a conservator. A hearing was held pursuant to Mental Hygiene Law § 77.07 at which a psychiatrist who had examined the conservatee in December 1989, stated that in his opinion the conservatee had suffered from a substantial impairment of his ability to care for his property for as much as 18 months prior to December 1989.

After the hearing the court found that the conservatee had "lacked the mental capacity" to grant the power of attorney he signed in June 1987 as a result of his mental condition, and appointed an independent conservator to manage his property. The court voided, *ab initio,* the power of attorney in favor of Cave and ordered Cave to pay to the conservator the sum of $472,440.13 which represented the amount of the conservatee's funds which Cave had invested or borrowed pursuant to the power of attorney.

On appeal the petitioner Cave claims that the court exceeded the scope of its authority under Mental Hygiene Law article 77 by ruling that the conservatee was lacking in mental capacity prior to the date of the hearing, and that the court erred in voiding the power of attorney *ab initio.*

Our courts have recognized that the appointment of a conservator "significantly compromises individuals' rights to manage and control their property" *(Matter of Grinker [Rose],* 77 NY2d 703, 708). Mental Hygiene Law article 77 allows a court to determine that a proposed conservatee is under a "substantial impairment" only as of the time that the hearing is commenced. This conclusion is supported by related provisions such as Mental Hygiene Law § 77.08 which permits a court to enjoin a person from disposing of a conservatee's property where it appears that the person has acquired such property during the period of the conservatee's impairment. The section, however, does not allow a court to void such

transactions retroactively. Moreover, Mental Hygiene Law § 77.25 specifically provides that "contracts, conveyances or dispositions made by the conservatee shall be voidable at the option of the conservator". Thus, the purpose of Mental Hygiene Law article 77 is to make a present determination that a person is suffering from a "substantial impairment" for the purpose of appointing a conservator, who may then investigate the validity of previous transactions taken by or on behalf of the conservatee. Therefore, it was error for the court to direct Cave to pay to the conservator the sum of $472,440.13.

Furthermore, we conclude that it was improper for the court to void the power of attorney the conservatee executed in June 1987, since the conservatee was never declared to be incompetent and the appointment of a conservator is not evidence that he was incompetent (see, Bankers Trust Co. v Martin, 51 AD2d 411, 412).

Of course this does not prevent the estate of the conservatee from showing, in a separate proceeding, that the conservatee was incompetent at the time he signed the power of attorney, which would have the effect of voiding all subsequent transactions made pursuant to that power (cf., Matter of Ciervo, 124 AD2d 583; Bankers Trust Co. v Martin, supra). Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.