WILLIAM H. SMITH, Appellant, *v.* VENDEL J. SLIMAK, Respondent.

Third Department, March 3, 1926.

Pleadings — amendment — action for rent — parties stipulated for submission to judge to render judgment on facts as upon motion for judgment on pleadings — court had power to permit defendant to amend answer — Appellate Division will not consider matters stated in briefs that are not in certified record.

Where the parties to an action to recover rent enter into a stipulation to submit the case to a judge on the facts stipulated for him to determine, and to award either the plaintiff or defendant judgment on said facts, with the same force and effect as upon a motion for judgment on the pleadings, the court has the power, upon dismissing defendant's defense, to permit him to amend his answer upon the payment of costs.

The court properly permitted the defendant to amend his answer so as to allege that the premises were surrendered to the landlord and were not abandoned by the defendant.

The Appellate Division will not, on appeal, consider matters set out in the briefs submitted by the parties which are not contained in the certified record on appeal.

APPEAL by the plaintiff, William H. Smith, from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Broome on the 26th day of August, 1925, granting defendant's motion to serve an amended answer.

*Moe Goldstein,* for the appellant.

*George H. Zator,* for the respondent.

McCANN, J. This action was brought to recover rent. An answer was interposed and the matter submitted at Special Term upon a stipulated statement of facts which shows the execution by one Martis as landlord of a lease dated January 8, 1924, to defendant as lessee and by mesne assignments transferred to the plaintiff by said Martis. This lease was for the term of three years beginning February 1, 1924, and ending January 31, 1927. Defendant entered into the occupation of the said premises and continued to occupy the same until on or about the month of December, 1924, when he voluntarily abandoned the premises and moved therefrom. On December 10, 1924, a summons was issued in the Supreme Court by George Martis as plaintiff against this defendant to recover accrued rent for the months of September, October, November and December, 1924. Judgment was entered in such action for Martis against this defendant upon a default. On

January 26, 1925, defendant was adjudged a bankrupt and duly discharged from all his debts and liabilities. Among the creditors of the defendant listed in the bankruptcy schedules was the said George Martis and one McCormick who was the assignee of Martis and held the lease above mentioned which is covered by the discharge in bankruptcy. On May 20, 1925, this action was commenced by the plaintiff to recover for the accrued rent for the months of January, February, March and April, 1925. Defendant's answer interposed an affirmative defense that plaintiff's claim was duly discharged by reason of the defendant being discharged from his debts and liabilities in the bankruptcy proceeding. Upon submitting this statement of facts to the court, it was stipulated: The case " shall be submitted to Hon. Leon C. Rhodes, a Justice of the Supreme Court for this Judicial District for determination, and to award either the plaintiff or the defendant judgment on *said facts;* as to the plaintiff for the amount demanded in the complaint with interest and costs or to the defendant, dismissing the complaint with costs, *with the same force and effect as though a notice of motion and moving affidavits were submitted upon the motion for judgment upon the pleadings."*

An order was made which dismissed defendant's defense and permitted the defendant within ten days after entry and service of the order to serve an amended answer upon payment of ten dollars costs of the motion or, on failure so to do, judgment to be directed for the plaintiff. Plaintiff appeals from that portion of the order which permitted the amendment and claims that the court had no authority under the stipulation to permit an amendment to the pleading. The stipulation provides that the submission is for the purpose of procuring a judgment of the court " with the same force and effect as though a notice of motion and moving affidavits were submitted upon the motion for judgment upon the pleadings." This carries with it the right to permit the amendment. Paragraph 2 of the statement of facts shows that the defendant voluntarily abandoned the premises during the month of December, 1924, and Mr. Justice Rhodes in his opinion refers to the fact that the claim was made before him of a surrender of the premises. Permission was granted for an amendment in order to allow this fact to be pleaded. The order appealed from should be affirmed.

The only brief filed by the respondent upon this appeal consists of a copy of an affidavit verified July 9, 1925, which the respondent filed with the trial justice on or before the hearing on the stipulated facts and was so filed " in addition to and as a part of the facts stipulated." This affidavit sets forth alleged facts with reference to the bankruptcy proceeding and to the surrender of the premises.

The brief further states that in pursuance of the order appealed from the defendant's attorney on the fourth of September served upon the plaintiff's attorney an amended answer according to the terms of said order and at the same time paid the attorney for the appellant ten dollars costs; that such amended answer and costs were accepted and were not returned. The brief also contains a copy of what purports to be a notice of motion made by the plaintiff and returnable October 6, 1925, in Supreme Court for an order striking out the defendant's answer and for other relief arising out of the service thereof, claiming that the order did not authorize the service of such answer. An affidavit was further made by the respondent's attorney that such motion was denied. This court is bound by the certified record on appeal. It contains none of the matters set forth in respondent's so-called brief. Whatever occurred subsequent to the entry of the order with reference to the serving of an amended answer, the acceptance of the same, the motion to dismiss it, and the denial of the same are not before this court. No appeal is before us from the order referred to on respondent's brief denying plaintiff's motion to strike out defendant's amended answer.

The order appealed from should be affirmed, with costs in favor of the respondent.

Order unanimously affirmed, with ten dollars costs and disbursements.