■ ALBERT F. MULLIGAN, Doing Business as MULLIGAN TRENCHING SERVICE, et al., Appellants, v. E. DENT LACKEY et al., Constituting the Niagara Falls Urban Renewal Agency, et al., Respondents.— Order unanimously reversed on the law and facts, with costs, and motion denied. Memorandum: In this article 78 proceeding brought to set aside the award of a construction project contract to respondent Albert Elia Building Company, Inc., the petition alleges that prior to September 29, 1969 one Fred Sebastian was a member of the Niagara Falls Urban Renewal Agency and also an employee of Elia; that pursuant to earlier advertisements for bids, on August 28 the agency awarded a contract for the water and sewer work to Elia but on September 24 that contract was held void in a special proceeding by reason of a conflict of interest; that Sebastian resigned from the agency on September 29 and thereafter on October 3 the agency rejected all bids on the contract and authorized readvertising, which was done, with bids to be received on October 27; that petitioners and Elia submitted bids and on October 28 the agency awarded the contract to Elia. The petition further alleges among other things that Sebastian, while a member of the agency, " had the power and/or duty to prepare, authorize or approve the plans and specifications which formed a part of the contract documents in connection with the project referred to ", " had the power and/or duty to appoint engineers who actually prepared the detailed plans for specifications in connection with the project above referred to " and " had the power and/or duty to appoint a supervising engineer to supervise the performance of the work embodied in the project herein referred to "; that by reason of such membership there is a conflict of interest within the meaning of section 801 of the General Municipal Law involving Elia and the agency and therefore the contract is null and void. Instead of filing an answer to the petition, Elia and the agency moved to dismiss it without giving petitioners proper notice (CPLR 7804, subd. [f]) upon affidavits which contradicted some of the allegations of the petition. These affidavits were given to petitioners' attorney during the argument to dismiss. Upon the petition and these affidavits Special Term dismissed the petition immediately after oral argument without opinion. Disputed factual issues should not be resolved upon affidavits (see *Matter of Carucci* v. *Dulan*, 24 A D 2d 529). If a triable issue of fact is raised in an article 78 proceeding, it shall be tried forthwith (CPLR 7804, subd. [h]). Respondents also alleged that the new contract was substantially different from the original. Counsel for appellants upon the argument of this appeal stated that he had no opportunity to read respondent's affidavits until after the court had dismissed the petition and contended that the new contract is not substantially different from the original contract, which had already been declared void. We conclude that under all the circumstances it was error to dismiss the petition upon the papers before the court

and that the purposes of the conflicts of interest statute will best be served by requiring respondents to file an answer and relegating the parties to a trial of the issues forthwith (CPLR 7804, subd. [h]). The matter should be given immediate preferred calendar scheduling. Finally, it was improper for Elia to attach to its brief an affidavit alleging new facts which were not before Special Term and to argue before the court for the first time a new theory for dismissal of the petition based upon the facts in this affidavit. It is well established that review by this court is limited to the record made before Special Term and the court is bound by the certified record on appeal. Matters contained in the brief, not properly presented by the record, are not to be considered by an appellate court (see *Dixon* v. *LaGuardia,* 277 N. Y. 84, 89; *Smith* v. *Slimak,* 215 App. Div. 637). (Appeal from order of Niagara Special Term denying petition to annul awarding of contract.) Present — Goldman, P. J., Del Vecchio, Gabrielli, Moule and Bastow, JJ.