■ JAMES P. RYAN, Respondent, v. HOWARD H. COLLINS et al., Appellants. — *Per Curiam.* Appeal from an order of the Supreme Court at Trial Term, entered October 9, 1969 in Albany County, and from an order of the Supreme Court at Special Term, entered November 7, 1969 in Albany County which, respectively, permitted plaintiff to amend his *ad damnum* clause from $100,000 to $200,000 and denied defendant's motion for a stay pending discovery and inspection of certain medical records. It is well established in this department that delay without a showing of prejudice does not preclude the granting of a motion to amend an *ad damnum* clause even on the eve of trial. (*Bird* v. *Board of Educ. of North Colonie Cent. Schools,* 29 A D 2d 812; *Soulier* v. *Harrison,* 21 A D 2d 725.) The fact that the new amount demanded now exceeds the defendants' insurance coverage is not such prejudice as to require the denial of leave to amend. Ordinarily the affidavit of the plaintiff's attorney would not be sufficient to support the motion, however in this case the bill of particulars sets forth the employment status of the plaintiff and the motion is merely a re-evaluation of the amount originally claimed, based upon knowledge already furnished to the defendants. The granting of leave to amend was not an abuse of discretion. The defendants' motion for a stay of proceedings pending discovery and inspection of certain medical records was made after the filing of a note of issue and statement of readiness. However, a showing of special or unusual circumstances will permit a deviation from the general rule that such relief will not be granted after the placing of the case on the Trial Calendar. The trial court granted the defendants the right to a further physical examination of the plaintiff. The increase of the *ad damnum* clause and the change in defendants' legal counsel are not such special circumstances as to require that the defendants be granted the relief requested. The defendants were aware of the medical history of the plaintiff for a considerable length of time prior to making this motion and, in any event, at least a portion of the material requested was ordered to be made available, to the defendants' examining physician. A stay of proceedings for the purpose of pretrial discovery and inspection would appear upon the record in its entirety to result in an unwarranted delay. Under the peculiar circumstances in this particular action, the granting and denial of the respective motions was proper. Orders affirmed, with costs; and interim stay vacated, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum *Per Curiam.*