◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GREGORY WILLIAMS, Appellant.— HERLIHY, P. J. Appeal by the defendant from a judgment of conviction of the County Court of Chemung County upon a jury verdict of guilty of selling a dangerous drug in the second degree and imposing sentence for not less than 4 years and not more than 12 years. The appellant contends that the retained trial counsel was so ineffective as an advocate that in effect the proceedings were a mockery of justice. (See *People* v. *Smith*, 31 A D 2d 847.) However, the fact that certain objections might have been made and thereby put opposing counsel to further efforts does not establish ineffectiveness. The record establishes that the defense counsel at trial was aware of those matters which the People had to establish and effectively attempted to cast doubt upon the People's proof. The experience of the members of the State Police who testified was sufficiently explored upon the record to permit them to express their opinion that the substance received from defendant "appeared to be marijuana". The qualifications of the chemists were also sufficiently explored and their identification of the substance as marijuana obviated any reliance by the jury upon the opinion of the police officers as to what the substance "appeared" to be. The court, upon sentencing, specified that the defendant had been convicted of three separate criminal acts and it is obvious that the court, while feeling that justice did not require consecutive sentences, did feel that justice required a minimum sentence. Accordingly, the reference of the court to setting a minimum sentence because it was not imposing consecutive sentences is a sufficient expression of reason to comply with section 70.00 (subd. 3, par. [b]) of the Penal Law. Furthermore, the term of imprisonment does not appear to be excessive. Judgment affirmed. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Herlihy, P. J.

◼ WALTER KOUPASH, Respondent, v. GRAND UNION COMPANY, Appellant. — SWEENEY, J. Appeal from an order of the Supreme Court at Special Term, entered January 21, 1969 in Warren County, which granted plaintiff's motion for leave to serve an amended complaint increasing the *ad damnum* clause thereof from $45,000 to $250,000. The defendant's opposition to the amendment is directed solely to the sufficiency of the moving papers. The physician's affidavit enumerates all of plaintiff's disabilities observed during the course of his treatment and causally relates them to the accident in question. Defendant cites no authority for its contention that the physician must state facts recently discovered requiring additional treatment, nor do we believe this is necessary. Leave to amend is freely given (CPLR 3025, subd. [b]), and particularly is this so when the plaintiff is merely seeking to correct an underevaluation. (*Bird* v. *Board of Educ. of North Colonie Cent. Schools*, 29 A D 2d 812.) We also conclude that the attorney's affidavit is sufficient under the circumstances of this case. (*Ryan* v. *Collins*, 33 A D 2d 966.) Order affirmed, with costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.