■ In the Matter of the Arbitration between RAISLER CORPORATION, Respondent, and NEW YORK CITY HOUSING AUTHORITY et al., Appellants; A. ROSEN & SON et al., Respondents.— Judgment, Supreme Court, New York County, entered September 27, 1971, confirming an arbitration award, affirmed. Petitioner-respondent shall recover of appellants $50 costs and disbursements of these appeals. Even if we assume that respondent New York City Housing Authority's claim that the issue of petitioner's compliance with certain contract conditions precedent to arbitration was still viable in the arbitration (despite the denial of its motion to stay arbitration for untimeliness), the arbitrator's determination that it was not was merely a misconstruction of the law, which is not a ground for vacating the award. (*Matter of S & W Fine Foods* [*Office Employees' Int. Union,* 8 A D 2d 130, affd. 7 N Y 2d 1018; Eager, Arbitration Contract and Proceedings, § 136 and cases cited.) The same principle applies to the arbitrator's determination that petitioner was in direct arbitration or privity with respondent S. S. Silberblatt, Inc. Moreover, Silberblatt's contention that there was no such privity with petitioner was not raised at Special Term and it is, therefore, precluded from raising such argument on appeal (10 Carmody-Wait 2d, New York Practice, § 70:300). Concur— Murphy and Capozzoli, JJ.; Kupferman, J. P., dissents as to the confirmation of the award against S. S. Silberblatt, Inc., in a memorandum, and Steuer, J., dissents as to the confirmation of the award against New York City Housing Authority in a memorandum, as follows: Kupferman, J. P. The appeal involves a single arbitration which resulted in awards to the petitioner against two respondents on separate claims. I agree with the majority as to the award against New York City Housing Authority, and disagree as to the confirmation of the award against S. S. Silberblatt, Inc. Silberblatt was named in an action at law for failure to supply timely temporary elevator service to Raisler, the heating contractor for the New York City Housing Authority's Mott Haven housing project. When Raisler proceeded to arbitration against

the City Housing Authority, that Authority brought Silberblatt into the arbitration pursuant to their contract. Silberblatt resisted the Authority's demand and moved for a stay of arbitration, which was denied in the Supreme Court and affirmed by this court (*Matter of S. S. Silberblatt, Inc. [Raisler Corp.*], 30 A D 2d 917). The arbitrator made an award in favor of Raisler against Silberblatt, resulting in the judgment of $20,637.90. The arbitrator denied the claim by the Authority over and against Silberblatt. It is clear that Raisler could not have demanded arbitration against Silberblatt, and that it was only in the arbitration by virtue of its contract with the Authority allowing for a claim over. Under the circumstances, the judgment in favor of Raisler against Silberblatt should be reversed and the parties relegated to the action at law. It was indicated at the argument that the original action at law was discontinued. Therefore, reversal should be subject to the consent by Silberblatt for a revival of the original action at law and the concession that the Statute of Limitations would not be raised as a defense. Steuer, J. The appeal involves a single arbitration which resulted in awards to the petitioner against two respondents on separate claims. I agree with the majority as to the confirmation of the award against S. S. Silberblatt, Inc., but disagree as to the award against New York City Housing Authority. The petitioner served its notice of intent to arbitrate on July 22, 1966. Respondent moved to stay arbitration on August 3, 1966 on the ground that conditions precedent to arbitration had not been complied with. Special Term denied the application on the ground that it was not made within 10 days as prescribed by CPLR 7503 (subd. [c]). The order thereon was affirmed by this court (27 A D 2d 802). The initial question is whether the issue of compliance with conditions precedent to arbitration is thereby precluded or whether it becomes a question for the arbitrator. It is submitted that it becomes a question for the arbitrator. The issue could only be precluded by either of two means — *res judicata* or waiver. It is obviously not *res judicata* as the determination that the application for a stay was not timely is not an adjudication on the merits. Secondly, there is no waiver unless the statute (CPLR 7503) gives the failure to raise the question timely such effect. In words the statute makes no such provision. What it does is to take this question, which otherwise would be in the competence of the court to decide preliminary to arbitration (*Matter of Exercycle Corp.* [*Maratta*], 9 N Y 2d 329), out of the competence of the court. The question of compliance still remains undetermined and its competence is then for the arbitrator. It is clear from the record that the arbitrator did not so regard the issue. It is argued that the arbitrator did inferentially pass on the question. I cannot find that he did. The matter should be remanded to the arbitrator to pass upon the issue of whether petitioner complied with conditions in the contract precedent to arbitration and to make an award consonant with his determination thereon.