■ ROBERT ZOIZACK et al., Respondents, v HOLLAND HITCH COMPANY et al., Appellants.—Order unanimously affirmed, with costs. Memorandum: Plaintiff, A. R. Gundry, Inc., sought to amend its *ad damnum* clause to allege $15,892.80 damages to its trailer as a result of an accident. In its original complaint it demanded damages of $3,322.90. Defendants, Brockway Motor Trucks, Mack Trucks, Inc., and the Holland Hitch Company, appeal a determination at Special Term which permitted the amendment. We find no abuse of discretion by Special Term. Appellants claim that plaintiff was guilty of laches and that it waived the right to amend its claim for damages making its motion two years after it served its bill of particulars and seven months after filing a note of issue and statement of readiness. Appellants claim that they are prejudiced because the trailer itself has been disposed of and is no longer available for inspection. Plaintiff contends, and Special Term found, that the lower figure used in plaintiff's "wherefore" clause was an error that was in the pleading as a result of an oversight. We concur with Special Term's conclusion that defendants had notice of the now proposed amended amount ($15,892.86) when they received plaintiff's bill of particulars which set forth as the "before value" of the trailer—"$17,000"; and, in response to the appellants' request for the trailer's "after value" stated—"$1,915 book value for salvage. Trailer was a total loss". Leave to amend a pleading "shall be freely given upon such terms as may be just" is the mandate of CPLR 3025 (subd [b]). Special Term need only satisfy itself that the timing or scope of the requested amendment does not prejudice the rights of another party (3 Weinstein-Korn-Miller, NY Civ Prac par 3025.14). Where the motion merely seeks to re-evaluate the amount of damages or to correct an undervaluation an increase in the amount of the *ad damnum* clause should be permitted (*Ryan v Collins,* 33 AD2d 966; *Koupash v Grand Union Co.,* 34 AD2d 695). Plaintiff will have the burden of proving at trial the damages it claims in its bill of particulars and amended complaint. Appellants may not seriously urge prejudice in view of the notice to them contained in plaintiff's bill of particulars (*Barner v Shook,* 51 AD2d 855; *Kerlin v Green,* 36 AD2d 892; 3 Weinstein-Korn-Miller, NY Prac, par 3017.05). (Appeal from order of Erie Supreme Court—motion to amend complaint.) Present—Moule, J. P., Cardamone, Dillon, Goldman and Witmer, JJ.