■ ROGER GREGOIRE et al., Appellants, v VINCENT P. HYMAN et al., Respondents. (Appeal No. 1.)—Order affirmed, without costs. All concur, except Dillon, J., who dissents and votes to reverse the order and grant the motion, in the following memorandum: In my view, Special Term's denial of plaintiffs' motion to increase the *ad damnum* clause of their original complaint was an improvident exercise of discretion. The motion was made well in advance of trial and is premised upon the degenerative nature of plaintiff Roger Gregoire's injuries and the need for additional corrective

surgery. Leave to amend pleadings should "be freely given upon such terms as may be just" (CPLR 3025, subd [b]). In the absence of laches on the part of the plaintiffs and prejudice to the defendants, the denial of a motion to amend the *ad damnum* clause exceeds the discretionary authority of the court *(Kerlin v Green,* 36 AD2d 892). While, admittedly, there was some delay in bringing on this motion, that delay has been adequately explained. Moreover, the mere lapse of time, without more, is not sufficient ground for the denial of the motion *(Smith v University of Rochester Med. Center,* 32 AD2d 736). Defendants' only claim of prejudice relates to the inadequacy of liability insurance to cover the amounts sought to be included in the *ad damnum* clause. "The fact that the new amount demanded now exceeds the defendant's insurance coverage is not such prejudice as to require the denial of leave to amend" *(Ryan v Collins,* 33 AD2d 966). I would reverse the order and grant the motion upon the condition that plaintiff Roger Gregoire submit to a further physical examination if desired by the defendants. (Appeal from order of Monroe Supreme Court—*ad damnum* clause.) Present —Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ.