■ Eloise O. Luchsinger, Individually and as Administratrix of the Estate of Harry Luchsinger, Deceased, Respondent, v County of Onondaga et al., Appellants.—Order unanimously affirmed, with costs. Memorandum: We affirm the order at Special Term which granted the plaintiff's motion to amend her complaint to increase the *ad damnum* clause from $1,000,000 to $2,500,000 as against each defendant, denied the motion of defendant, Ford Motor Company, for a preclusion order and denied the cross motion of Ford Motor Company and Koerner Ford seeking an examination before trial of the plaintiff's expert. On November 24, 1973 the deceased plaintiff was operating a 1969 Ford truck repaired and/or serviced by Koerner Ford of Syracuse in the Town of Lysander, Onondaga County, when as a result of an alleged defect in the steering mechanism of the vehicle he was unable to negotiate a turn and went down an embankment into the barge canal. The accident resulted in his death on November 1, 1974. An action based on negligence, breach of warranty and strict liability in tort was commenced against Ford Motor Co., Koerner Ford and the County of Onondaga. No note of issue or statement of readiness has been filed in this wrongful death action, nor do defendants allege any prejudice arising from the amendment of plaintiff's complaint to increase the *ad damnum* clause. Leave to amend a pleading "shall be freely given upon such terms as may be just" (CPLR 3025, subd [b]). Special Term need only be satisfied that the timing or scope of the requested amendment does not prejudice the rights of another party (3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.14). Where, as here, the motion merely seeks to re-evaluate the amount of damages or to

correct an undervaluation, an increase in the amount sought in the *ad damnum* clause of a complaint should be permitted (*Zoizack v Holland Hitch Co.*, 58 AD2d 980; *Koupash v Grand Union Co.*, 34 AD2d 695; *Ryan v Collins*, 33 AD2d 966; *Bird v Board of Educ.*, 29 AD2d 812). Special Term properly denied defendant's motion for a preclusion order since the motion seeking it was not made until 16 months following the service of the supplemental bill of particulars and there has been no showing of special circumstances which would excuse the defendant from the 10-day requirement contained in CPLR 3042 (subd [d]). Finally, Special Term properly denied defendant's motion to examine plaintiff's expert before trial concerning alleged alterations of the steering mechanism. Although CPLR 3101 (subd [d]) provides that any opinion of an expert prepared for litigation shall not be obtainable in discovery proceedings, CPLR 3101 (subd [a], par [4]) provides that there shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action "where the court on motion determines that there are adequate special circumstances". Unlike *Kraus v Ford Motor Co.* (38 AD2d 680), in the present case the defendants had the opportunity to be and in fact were present and took photographs and moving pictures at the disassembly of the steering mechanism. The defendants, therefore, were in a position to determine whether any alterations to the steering mechanism had, in fact, been made. We agree with Special Term that the affidavit attached to the defendant's motion is conclusory in nature and insufficient to establish special circumstances which would permit the examination before trial of plaintiff's expert. (Appeal from order of Onondaga Supreme Court—wrongful death.) Present —Marsh, P. J., Cardamone, Simons, Denman and Witmer, JJ.