■ JAY J. ALLEN et al., Appellants, et al., Plaintiff v ROBERT POHL, Respondent.—Order unanimously reversed, without costs, and motion granted in accordance with the following memorandum: Issue was joined in this negligence action in 1971 and a note of issue and statement of readiness was filed on August 29, 1973. With the consent of all parties, the case was removed to the general docket on February 24, 1976. Within one year thereafter the plaintiffs moved to restore the case to the Trial Calendar and, at the same time, plaintiffs Allen and Cleland sought to amend the complaint to increase the *ad damnum* clauses on their respective causes of action. Plaintiffs appeal from that part of Special Term's order which denied the motion to amend. We reverse. Leave to amend a pleading should "be freely given upon such terms as may be just" (CPLR 3025, subd [b]). Where the motion to amend an *ad damnum* clause is made in advance of the eve of trial, it is an improvident exercise of discretion to deny the amendment in the absence of inordinate delay and a showing of prejudice to the defendant *(Gardner v Fyr-Fyter Co.,* 55 AD2d 816; *Kerlin v Green,* 36 AD2d 892). Special Term need only be satisfied that the timing or scope of the requested amendment does not prejudice the rights of another party *(Luchsinger v County of Onondaga,* 63 AD2d 819; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.14). Although there was substantial delay here in seeking the amendment, it may not be characterized as prejudicial to the defendant since he was fully aware of the nature of the injuries sustained by the moving plaintiffs (see *Finn v Crystal Beach Tr. Co.,* 55 AD2d 1001; *Yerdon v Baldwinsville Academy,* 39 AD2d 824; *Smith v University of Rochester Med. Center,* 32 AD2d 736). Nor may it be said that the defendant is prejudiced because the proposed increases in the *ad damnum* clauses are such that they exceed the amount of the defendant's insurance coverage *(Ryan v Collins,* 33 AD2d 966). The motion should have been granted since it constitutes nothing more than a re-evaluation of plaintiffs' causes of action and adds nothing of a substantive nature to the complaint *(Luchsinger v County of Onondaga, supra; Zoizack v Holland Hitch Co.,* 58 AD2d 980; *Finn v Crystal Beach Tr. Co., supra; Koupash v Grand Union Co.,* 34 AD2d 695; *Ryan v Collins, supra).* In view of plaintiffs' claims that their respective injuries have persisted for such a long period of time, however, the granting

of this motion is conditioned upon the plaintiffs Allen and Cleland furnishing the defendant with copies of any doctors' reports or other medical or X-ray reports not heretofore disclosed, and is further conditioned upon their submitting to additional physical examinations on behalf of the defendant, all to be completed within 60 days of the entry of the order herein. (Appeal from order of Erie Supreme Court—*ad damnum* clause). Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.