CHARLOTTE LAKE RIVER ASSOCIATES, a Limited Partnership, et al., Appellants, v AMERICAN INSURANCE COMPANY et al., Defendants; NORTHRUP, KAELBER AND KOPF, Respondent.

Fourth Department, May 22, 1979

APPEARANCES OF COUNSEL

*Dahan & Appel (Paul H. Appel* of counsel), for appellants.

*Sugarman, Wallace, Manheim & Schoenwald (Charles M. Manheim* of counsel), for respondent.

**OPINION OF THE COURT**

SCHNEPP, J.

The sole question to be determined on this appeal is whether written interrogatories are precluded under CPLR 3130 when in a single cause of action plaintiffs described acts which are alleged to constitute a breach of contract as well as negligence. We hold that the cause of action is bottomed in contract and that the use of interrogatories should be permitted even if the contract cause of action contains allegations sounding in negligence.

Plaintiffs, owners of high-rise residential housing project, allege that defendants, Northrup, Kaelber and Kopf ("Architect"), entered into an architect's agreement with the New York State Urban Development Corporation ("UDC") to perform architectural and related services to the project for which UDC furnished the construction and financing. Plaintiffs maintain that these contractual duties were undertaken by Architect for the benefit of plaintiffs as holder of the equitable interest in the project. Paragraph 1.8(a) of the agreement provides, *inter alia,* that the Architect shall furnish construction administration and inspection of the work of the contractors as is necessary "to guard against inferior materials or workmanship" and shall use "all reasonable care and diligence and exercise its best efforts to see that the Project is constructed in accordance with the drawings and specifications therefor". In its third cause of action plaintiffs allege that the Architect breached the agreement by failing to perform its obligations under paragraph 1.8(a) and that it did not meet the requirements of professional responsibility assumed by architects licensed to practice their profession in the State of New York by failing "to guard against inferior materials and workmanship" and "to see that the Project

[was] constructed in accordance with the drawings and specifications therefor". They further claim that the Architect "by failing to guard against inferior materials and workmanship" did not perform its duty to plaintiffs and "to the project and thereby was negligent."

Upon the service of interrogatories by plaintiffs, the Architect moved for a protective order seeking to limit the scope of the interrogatories to the subject matter set forth in plaintiffs' bill of particulars, arguing that matters not related to the bill were irrelevant to the issues to be litigated. Plaintiffs in a cross motion for sanctions responded only to that issue in its supporting papers. Special Term *sua sponte* struck the interrogatories in their entirety holding that the cause of action against the Architect "essentially sounds in malpractice and negligence concerning the construction and supervision of the project by [Architect], and not for any breach of contract, as it purports to do". Plaintiffs' motion for leave to reargue was granted but the court declined to change its original decision, reiterating its finding that plaintiffs' third cause of action "sounds in malpractice and [that] the interrogatories proposed under the asserted claim that it is a contract action should not be permitted".

CPLR 3130 provides in part that "[a]fter commencement of an action, other than in an action to recover damages for an injury to property, or a personal injury, resulting from negligence * * * any party may serve upon any other party written interrogatories." The language of CPLR 3130 has been characterized as "vague and unjustified by any sound policy arguments" (3A Weinstein-Korn-Miller, NY Civ Prac, par 3130.02). Yet, we must resolve the problem which CPLR 3130 presents when one cause of action seemingly melds causes of action contract and tort.

The Court of Appeals in *Allen v Minskoff* (38 NY2d 506, 509) recognized that serious difficulties may result from the "curious draftsmanship" of CPLR 3130. The court stated that "[w]here an injured party asserts, in a personal injury action, both negligence and breach of warranty claims, the courts have been compelled to draw a careful line between the two theories and have permitted the service of interrogatories only with respect to the breach of warranty claim, notwithstanding that the two claims stem from the same accident." *(Allen v Minskoff, supra,* pp 509-510; see, also, *Rollin v Goodrich Co.,* 55 AD2d 985.)

In his Practice Commentaries to CPLR 3130, Professor Siegel suggests that in a case which joins both negligence and breach of warranty as alternative grounds of liability "[t]he court would perhaps do best to exclude the interrogatory from use only insofar as it probes the question of the defendant's negligence. Some issues, such as those relating to damages, will bear in common on both counts. Where they relate to both, the interrogatory should be permitted" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3130:3).

Here the basis of the negligence claim is not predicated upon common-law negligence but upon a failure by the Architect to abide by the terms of the contract. Where there " 'exists a viable, substantial basis for * * * (a) contractually based cause, and its assertion is not due solely to artful pleading' the use of interrogatories should be permitted, even if the contract cause of action is joined to an action sounding in negligence" (3A Weinstein-Korn-Miller, NY Civ Prac, par 3130.02; *Ford Motor Co. v Burke Co.,* 51 Misc 2d 420, 421; see, also, *Rozner v Resolute Paper Prods. Corp.,* 37 AD2d 396, affd 31 NY2d 934). The heart of the cause of action is the Architect's breach of contract, and thus the interrogatories should be permitted even if the allegations tangentially refer to negligence. We hold that plaintiffs' cause of action does not seek "damage for an injury to property * * * resulting from negligence" (CPLR 3130).

■ On this appeal Architect for the first time has asserted that plaintiffs have not alleged a cause of action in contract against the Architect, because plaintiffs are not named as a party to the underlying contract between the Architect and UDC and do not enjoy rights as a third-party beneficiary. Thus, the Architect argues that this court in reviewing the propriety of plaintiffs' interrogatories should determine whether plaintiffs have status as third-party beneficiaries to base their claim upon the contract. The appeal here is in a limited procedural posture and the motions were expressly made and submitted solely on the availability of interrogatories. Because this issue was not raised at Special Term, the Architect is precluded from raising this argument on appeal *(Kahn v City of New York,* 37 AD2d 520, affd 30 NY2d 690; see, also, 11 Carmody-Wait 2d, NY Prac, § 72:126; 10 Carmody-Wait 2d, NY Prac, § 70:300). "It is well established that review by this court is limited to the record made before Special

Term and the court is bound by the certified record on appeal. Matters contained in the brief, not properly presented by the record, are not to be considered by an appellate court" *(Mulligan v Lackey,* 33 AD2d 991, 992; see, also, *Matter of Raisler Corp. [New York City Housing Auth.],* 39 AD2d 862, affd 32 NY2d 274).

Accordingly, the order of Special Term should be reversed and the matter remitted for a determination of the original motion to strike the interrogatories and cross motion without prejudice to a motion addressed to the "Third Cause of Action" in the complaint.

CARDAMONE, J. P., HANCOCK, JR., CALLAHAN and WITMER, JJ., concur.

Order unanimously reversed with costs and matter remitted to Special Term for further proceedings, in accordance with opinion by SCHNEPP, J.