NASSAU ROOFING & SHEET METAL CO., INC., Respondent, v CELOTEX CORPORATION, Appellant, et al., Respondents.

Third Department, November 8, 1979

## APPEARANCES OF COUNSEL

*Tunstead & Schechter (Michael S. Torre* of counsel), for appellant.

*Deutsch & Spring (Laurence E. Deutsch* of counsel), for Nassau Roofing & Sheet Metal Co., Inc., respondent.

*Robert Abrams, Attorney-General (George M. Thorpe* and *Shirley Adelson Siegel* of counsel), for Facilities Development Corporation, respondent.

*George S. Lettko* for D & F Masons, Inc., respondent.

## OPINION OF THE COURT

STALEY, JR., J.

On June 21, 1972, plaintiff Nassau Roofing & Sheet Metal Co., Inc., entered into a contract with defendant Facilities Development Corporation (F.D.C.) to supply labor and materials in connection with the roofing, waterproofing and sheet metal work for the Lincoln Hospital in The Bronx, New York. Plaintiff purchased the polyurethane insulation used in the construction of the roof from the manufacturer Celotex Corporation (Celotex) in the latter part of 1973 and early part of 1974, the insulation having been shipped to plaintiff between January 29, 1974 and March 21, 1974.

On February 11, 1974, plaintiff commenced an action against defendant Celotex, alleging that in the month of June, 1973, plaintiff had purchased a quantity of urethane roof insulation and that Celotex had breached its warranty with respect to that insulation in that the insulation "failed, bowed up, twisted and distorted necessitating removal thereof".

The second and third causes of action of that complaint alleged that this had occurred in 90 to 100 squares of the insulation. Damages were sought in the amount of $11,771.99. This action was settled in September, 1974, with Celotex paying plaintiff $11,000.

On July 10, 1978, plaintiff commenced this action against Celotex, F.D.C. and a number of other defendants. The first cause of action in the complaint against F.D.C. alleges the making of the contract on June 21, 1972; the performance of the work; protests concerning certain conditions at the site; "sundry other facts" which would cause plaintiff's work to be adversely affected after installation; that F.D.C. determined that plaintiff's work is defective and demanded the removal and replacement of all of plaintiff's work at no additional cost; and that plaintiff denied that removal and replacement is required.

In its complaint, plaintiff seeks a declaratory judgment declaring "the rights and other relations of the plaintiff and

FACILITIES DEVELOPMENT CORPORATION with regard to the removal and replacement of the roofs at Lincoln Hospital".

The seventh cause of action against Celotex alleges that Celotex manufactured the polyurethane insulation utilized in the construction of the roofs at Lincoln Hospital and had "warranted that the insulation had certain physical properties, including a minute coefficient of expansion" under certain temperature and moisture conditions, and that based upon such warranty, the insulation was suitable for installation in the Lincoln Hospital roofs. It is further alleged that the actual coefficient of expansion of the insulation was more than 10 times the maximum coefficient of expansion warranted; that the insulation was unfit for use in the roofs at Lincoln Hospital; and that if plaintiff is found liable to F.D.C. by reason of the alleged defects in the roofs, Celotex is liable to plaintiff.

F.D.C. answered the complaint and interposed a counterclaim against plaintiff alleging that it did not install the roof in a workmanlike manner or in accordance with the contract plans and specifications, and that it will be required to remove and replace the roof, all to its damage in the amount of $1,500,000. This answer also contains a cross claim against defendant Celotex, alleging a representation and warranty to it by Celotex that the polyurethane insulation was of good and proper quality and fit to use in connection with the installation of the roofs, and that Celotex breached the representations and warranties in that the roof has failed, requiring removal and replacement, all to F.D.C.'s damage in the amount of $1,500,000.

On September 6, 1978, Celotex moved to dismiss the complaint, pursuant to CPLR 3211, on the grounds that the causes of action alleged against Celotex are barred by the Statute of Limitations, payment and release, another action pending between the parties for the same cause of action, and that the pleading fails to state a cause of action.

■ Special Term denied the motion, asserting that the seventh cause of action is, in substance, an action for contribution in the event plaintiff is found liable to F.D.C., that such a cause of action accrues only after judgment, and that, thus, the Statute of Limitations was not a bar to the action. On the issue of payment and release and other action pending, Special Term concluded that the prior action dealt only with 100 squares of defective insulation, that payment and release for

those 100 squares would not bar the present action and that there was no proof that the prior action is pending. The complaint was also found to state a cause of action.

Defendant Celotex contends that the motion to dismiss the complaint on the grounds of payment and release should have been granted. This contention is based upon the allegations of paragraphs sixth and seventh of the complaint in the action commenced on February 11, 1974, wherein it was alleged that "a substantial quantity of said urethane roof insulation failed * * * necessitating removal thereof by plaintiff and reinstallation of roof insulation." However, the complaint clearly indicated that the action dealt only with 90 to 100 squares of the insulation. The actual amount of insulation used in the construction of the roofs was 1,271.52 squares. At the time the action was commenced on February 11, 1974, only 424.8 squares had been delivered. Special Term properly concluded that the stipulation settling that action dealt only with 100 squares and did not bar the present action.

Defendant Celotex contends that the motion to dismiss on the ground that the complaint fails to state a cause of action should have been granted. It is argued that at the time this action was instituted, F.D.C. had not brought any action against plaintiff for alleged defective work at the Lincoln Hospital, that the seventh cause of action against Celotex is really an action for a breach of warranty and that, although it apparently is intended as a claim for indemnification, there was no cause of action pending between F.D.C. and plaintiff.

The seventh cause of action in the complaint alleges that if plaintiff is found liable for "the alleged defects in the roofs" then defendant Celotex is liable to plaintiff. Although the term "contribution" is not used in the allegations of the complaint, it is clear from the allegations of the complaint that contribution is the relief sought.

Defendant Celotex contends that the seventh cause of action is barred by the Statute of Limitations based on the premises that the applicable Statute of Limitations is for breach of warranty, which is four years from the date of delivery of the materials. The materials having been all delivered by March 21, 1974, an action for breach of warranty would have been time barred on July 10, 1978, when this action was commenced. The seventh cause of action, however, alleges a cause of action for contribution, and the Statute of Limitations affecting such causes of action does not commence to run until

such time as a judgment is entered and payment thereof is made by the party seeking contribution *(Bay Ridge Air Rights v State of New York,* 44 NY2d 49; cf. *Infante v Montgomery Ward & Co.,* 49 AD2d 72).

■ In *Bay Ridge Air Rights (supra,* pp 53-56), the court stated:

"Like a claim for indemnification, a claim for apportionment of damages does not generally accrue until payment is made by the party seeking apportionment. Hence, under the general rule, until claimant has made payment to the estate of the tenant, it need not serve notice of claim upon the State, nor, on that theory, has the Statute of Limitations on its claim started to run. * * *

"It is generally said that a cause of action for indemnity accrues on the date payment is made by the party seeking indemnity (see, e.g., *Musco v Conte,* 22 AD2d 121, 125-126 [HOPKINS, J.]; 28 NY Jur, Indemnity, § 20; When Statute of Limitations Commences to Run for Contribution or Indemnity, Ann., 57 ALR3d 867, 883-884). * * *

"Under conventional principles, therefore, no judgment in the Federal action against Bay Ridge having been entered, let alone paid, its claim for indemnity and contribution has not yet accrued *(Klinger v Dudley,* 41 NY2d 362, 369)."

The order denying the motion of Celotex to dismiss the complaint should be affirmed.

The order should be affirmed, without costs.

GREENBLOTT, J. P., MAIN, MIKOLL and HERLIHY, JJ., concur.

Order affirmed, without costs.