■ In the Matter of JOHN A. SLATER, Appellant, v VILLAGE OF HERKIMER, Respondent.—Order unanimously reversed, without costs, and motion granted. Memorandum: Plaintiff appeals from an order denying him permission to file a late notice of claim which arose from an alleged collision between a vehicle driven by plaintiff and one of defendant's police vehicles. In determining this question, the court should inquire whether the defendant acquired actual knowledge of the facts constituting the claim within the 90-day statutory period or a reasonable time thereafter (General Municipal Law, § 50-e, subd 5). Plaintiff relies upon documentary evidence presented in his brief, but not contained in the record, to prove that defendant had such knowledge. We may not consider such evidence (Charlotte Lake Riv. Assoc. v American Ins. Co., 68 AD2d 151; Mulligan v Lackey, 33 AD2d 991). We nonetheless find, under the circumstances here, that defendant did have actual knowledge of the facts constituting the claim (see Matter of Wade v City of New York, 65 AD2d 534; Matter of Wemett v County of Onondaga, 64 AD2d 1025). It was, therefore, an abuse of discretion to deny permission to file a late notice of claim. (Appeal from order of Otsego Supreme Court—notice of claim.) Present—Cardamone, J. P., Hancock, Jr., Doerr, Witmer and Moule, JJ.

■ CINDY SNYDER, by Her Guardian ad Litem, JEAN SNYDER, et al., Appellants, v DAVID WILSON et al., Respondents.—Order unanimously modified to grant plaintiffs' motion to increase the ad damnum clause, upon condition that plaintiffs' attorney personally pay to defendants' attorneys the sum of $200, and, as modified, order affirmed, without costs. Memorandum: The motion for leave to amend the ad damnum clause which added no substantive change to the complaint should have been granted in the interest of justice, although there was a substantial delay in seeking the amendment. Even though the case at bar appeared on the Trial Calendar, the motion may not be considered as one made on the eve of trial. The infant plaintiff, who sustained serious injuries, should not be punished for her lawyer's neglect, particularly when defendants can make no real claim of prejudice or surprise. Delay alone in seeking amendatory ad damnum relief does not constitute prejudice sufficient to warrant denial where defendants have knowledge of the nature of injuries sustained by plaintiff (Hampton v Lefkowitz, 72 AD2d 805; Drechsel v Loblaw, Inc., 64 AD2d 1022; Finn v Crystal Beach Tr. Co., 55 AD2d 1001; CPLR 3025, subd [b]). The granting of this motion is conditioned upon plaintiffs furnishing the defendants with copies of doctor's reports or other medical or X-ray reports not heretofore disclosed and upon infant plaintiff submitting to additional physical examinations on behalf of the defendants, all to be completed within 60 days of the entry of the order hereon (see Allen v Pohl, 63 AD2d 1118). Also, as a condition of granting this motion we order that plaintiffs' attorney personally pay $200 costs to the defendants' attorneys. This penalty may not be charged as a disbursement or considered in the fee, and the attorney's closing statement shall verify such to be the fact. (Appeal from order of Wayne Supreme Court—ad damnum clause: affirmative defense.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.