■ GARY MULVERHILL et al., Respondents, v NEIL J. MULVERHILL, Defendant, and RONALD J. PAQUIN et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered October 16, 1979 in Franklin County, which granted a motion by plaintiffs for leave to increase the ad damnum clause of the complaint. The plaintiff was injured on May 18, 1973 and commenced this action on February 28, 1975. Depositions were held on June 13, 1979, pursuant to court order obtained on motion of plaintiffs. Thereafter, based on re-evaluation of the case, the instant motion to increase the *ad damnum* clause of the complaint was made. Special Term granted the motion and this appeal ensued. There must be an affirmance. Permission to increase the *ad damnum* clause is freely given and lies within the sound discretion of the court *(Luchsinger v County of Onondaga, 63 AD2d 819; Soulier v Harrison, 21 AD2d 725).* In our view, Special Term did not abuse its discretion in granting the motion (see *Koupash v Grand Union Co., 34 AD2d 695; Ryan v Collins, 33 AD2d 966).* Order affirmed, with costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.

■ STATE UNIVERSITY CONSTRUCTION FUND, Plaintiff, v UNITED TECH-NOLOGY CORPORATION et al., Defendants. (Action No. 1.) MEL E. BARTHOLO-MEW, Third-Party Plaintiff-Respondent, v UNITED TECHNOLOGY CORPORATION et al., Third-Party Defendants-Appellants. (Action No. 2.)—Appeal, in Action No. 2, from an order of the Supreme Court at Special Term, entered May 2, 1979 in Albany County, which denied third-party defendants' motions for summary judgment. Plaintiff entered into a contract with defendant Bartho-lomew as architect for the construction of a chilled water system at the State University of New York at Stony Brook. Bartholomew substituted materials, contrary to the contract specifications, which were procured from United Technology Corporation (UTC) and Posi-Seal International (Posi-Seal). Thereafter, leaks developed and plaintiff commenced this action. Causes of action against Bartholomew for breach of contract and "lack of reasonable care, negligence and malpractice as an architect and engineer" were pleaded. Causes of action against UTC and Posi-Seal for breach of warranty were also alleged. Bartholomew cross-claimed and commenced a third-party action against UTC and Posi-Seal for indemnification or contri-bution based on "representations, advertisements and warranties." Plain-tiff's causes of action for breach of warranty against UTC and Posi-Seal were dismissed as barred by the Statute of Limitations. The motions to dismiss the cross-claims and third-party complaint were denied. This appeal ensued. Basically, third-party defendants maintain that there must be a reversal since no right to contribution or indemnity exists where the claim, as here, is based exclusively on breach of warranty. We disagree and are to affirm. A reading of the cross claim and third-party complaint clearly reveals language alleging causes of action based on both negligence and breach of warranty. Since it is not disputed that Bartholomew would be entitled to contribution or indemnity if he alleged a cause of action based on negligence, Special Term properly denied the motion to dismiss. We also note that we would arrive at the same result even if Bartholomew alleged causes of action based on breach of warranty alone *(Nassau Roofing & Sheet Metal Co. v Celotex Corp., 70 AD2d 395).* Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.