■ INTERSTATE WINDOW CLEANING CO., INC., Respondent, v MORSE/DIESEL, INC., Defendant, and HOTEL CONSTRUCTORS, INC., Appellant. — Order unanimously affirmed, with costs. Memorandum: Special Term's decision in denying the motion of defendant Hotel Constructors, Inc., for a change of venue was not an abuse of its discretion, and the exercise thereof should not be disturbed (*Hurlbut v Whalen*, 58 AD2d 311, mot for lv to app den 43 NY2d 643). In regard to the subsequent motion, to strike certain portions of plaintiff's briefs as not being part of the record on appeal, it is granted. We note, however, that it is well established that this court is bound by the certified record on appeal and does not consider matters contained in a party's brief which are not properly contained in the record (*Matter of Slater v Village of Herkimer*, 73 AD2d 1061; *Charlotte Lake Riv. Assoc. v American Ins. Co.*, 68 AD2d 151; *Mulligan v Lackey*, 33 AD2d 991). (Appeal from order of Supreme Court, Herkimer County, Hayes, J. — change of venue.) Present — Simons, J. P., Callahan, Doerr, Moule and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER CLARK, Appellant. — Judgment unanimously affirmed. Memorandum: Defendants have been convicted of conspiracy and the murder of four individuals. The charges arose from the contract killing of a prospective witness in a drug case involving defendant Clark. Of the several claims raised by defendants on appeal, only one merits discussion. We reject defendants' contention that the late disclosure of exculpatory material deprived them of a fair trial in violation of *Brady v Maryland* (373 US 83). *Brady* does not direct disclosure at any particular stage of the proceedings (*United States v Kaplan*, 554 F2d 577). The issue is whether the evidence was disclosed in time for the defense to utilize it effectively (see *People v Simmons*, 36 NY2d 126; *People v Mackey*, 52 AD2d 662; *United States v Menghi*, 641 F2d 72). All of the evidence in question was disclosed prior to the close `of the People's direct case. The defense had sufficient time to utilize the material and there was no indication that earlier disclosure would have substantially affected the nature of the evidence or altered defendants' trial strategy (see *People v Mosher*, 81 AD2d 684; *United States v Menghi*, 641 F2d 72, *supra; United States v Kaplan*, 554 F2d 577; cf. *Grant v Alldredge*, 498 F2d 376). In addition, we note that defendants failed to request a mistrial or an adjournment on this basis (see *People v Charleston*, 56 NY2d 886; *United States v Menghi*, 641 F2d 72, *supra; United States v Kaplan*, 554 F2d 577, *supra*). We have reviewed the other claims raised by defendants and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J. — murder, second degree and conspiracy, first degree.) Present — Hancock, Jr., J. P., Denman, Boomer and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD McKNIGHT, Appellant. — Judgment unanimously affirmed. Same memorandum as in *People v Clark* (89 AD2d 820). (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J. — murder, second degree and conspiracy, first degree.) Present — Hancock, Jr., J. P., Denman, Boomer and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS L. McKNIGHT, Appellant. — Judgment unanimously affirmed. Same memorandum as in *People v Clark* (89 AD2d 820). (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J. — murder, second degree and conspiracy, first degree.) Present — Hancock, Jr., J. P., Denman, Boomer and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER WEST, Appellant. — Judgment unanimously affirmed. Same memorandum as in