■ The People of the State of New York, Respondent, v Sherman Bolling, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered January 9, 1987, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of marihuana in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant first contends that the failure of the prosecution to provide him with a transcript of a tape recording of a conversation between a police officer and an informant, as well as a copy of the criminal record of the informant, constituted a violation of Brady v Maryland (373 US 83). We disagree.

The rule of Brady v Maryland (supra) does not direct disclosure at any particular point of the proceedings (see, People v Jemmott, 144 AD2d 694). Rather, the inquiry is whether the defense was afforded ample opportunity to utilize the evidence effectively (see, People v Summons, 36 NY2d 126; People v Clark, 89 AD2d 820). In this case, the evidence was disclosed on the People's direct case and the defendant had

sufficient time to and did in fact utilize this material. There is no indication that an earlier disclosure would have had any effect on the outcome of the trial *(see, People v Clark, supra).*

The defendant's claim that reversal is warranted in light of the introduction of evidence of uncharged crimes has not been preserved for our review as no objection was made at the time this testimony was adduced *(see,* CPL 470.05 [2]; *People v Muriell,* 128 AD2d 554). In any event, the claim is without merit. A proper limiting instruction was given to the jury, and there is no indication that this evidence was offered merely to prove the defendant's criminal predisposition *(see, People v Allweiss,* 48 NY2d 40; *People v Molineux,* 168 NY 264). We find this testimony to be proper *(cf., People v Bolling,* 120 AD2d 601).

Additionally, we find the statement of the police informant to have been properly admitted under the coconspirator's exception to the hearsay rule *(see, People v Sanders,* 56 NY2d 51; *People v Salko,* 47 NY2d 230; *People v Bisnett,* 144 AD2d 567, 570).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We have reviewed the remainder of the defendant's contentions and have found them to be either unpreserved for appellate review, or without merit. Thompson, J. P., Bracken, Eiber and Balletta, JJ., concur.