OPINION OF THE COURT
Joseph J. Maltese, J.
After a bench trial, defendant Ralph Rowland was convicted of attempted assault in the third degree. This court found that during the Crown Heights disturbances which followed the accidental death of an African-American child during a motorcade of Hasidic clerics and the subsequent killing of a 29-year-old rabbinical student in August of 1991, the defendant threw a bottle which struck and injured a police officer. The officer arrested the defendant who was found guilty of attempted assault in the third degree. The defendant now moves (1) to vacate the verdict of guilty and to order a new trial or (2) in the alternative, to have the original information dismissed in the furtherance of justice.
The defendant argues that the guilty verdict should be vacated and a new trial ordered because the People did not promptly supply, prior to trial, a hospital report and a line of duty report of the officer’s injuries; and, that the failure to make this material available to the defense constituted Brady and a per se Rosario violation which mandates a vacatur of the verdict.
The argument is advanced, notwithstanding defense counsel’s acknowledgement that the injury to the officer is not a necessary element of attempted assault.
After arresting the defendant, the officer went to a hospital for treatment. Defendant was charged with two counts of assault, reckless endangerment, resisting arrest and riot. By the time this case came to trial due to various pretrial procedural and substantive considerations, all of these charges were reduced to only one charge of attempted assault in the third degree.
The District Attorney was directed on December 5, 1991 to turn over to defense counsel the hospital records of the *116 arresting officer. The records had not been supplied by March 1992. Due to this delay in producing the hospital medical records of the arresting officer, Judge Karopkin, of this court, sanctioned the prosecution and ordered that the prosecution be precluded from introducing the medical records at trial. Also precluded was any testimony regarding the officer’s hospital treatment. Subsequently the District Attorney did obtain the medical records and supplied them to the defense immediately prior to trial; however, the sanctions remained in effect and neither the medical records nor testimony concerning the treatment were admitted during the trial.
It is the defense’s position that the court-ordered sanctions precluding the introduction of said hospital records and testimony at trial did not relieve the prosecution of its Brady and Rosario obligations. The defense claims that the failure of the District Attorney to make these two items available to the defense constituted per se Brady and Rosario violations and, therefore, this motion must be granted.
Based upon information and belief, the defense alleges that the hospital records contained information regarding the police officer’s injury and treatment which was exculpatory to the defendant and therefore constituted Brady material. The defense asserts that the hospital records contained written statements made by the arresting officer to medical personnel regarding diagnosis and possible treatment constitute Rosario material.
Although, the defense counsel had an opportunity to inspect the hospital records prior to trial, the defendant has given no specific examples of either Brady or Rosario materials in the report nor have any specific items been cited in support of these allegations.
The defendant asserts that a second Brady and Rosario violation occurred following the trial but prior to the sentencing of the defendant when the People forwarded to the defense counsel a copy of a line of duty report partially prepared and signed by the arresting police officer. The line of duty report is an internal police department form by which the injured police officer reports his injuries. As this report came to the prosecution’s attention after the trial, it obviously was not available to the defendant in time to be used at the trial.
The defense has not made clear which elements of Brady and Rosario are applicable to (a) the hospital records and (b) the line of duty report although they are each subject to different treatment.
*117 As all evidence of the hospital treatment had been precluded and the charge of attempted assault does not require any injury or actual physical contact, no evidence in the records has been shown to be relevant to this action. Initially it is noted that the defendant’s moving papers do not point to any item in the hospital records that could be beneficial to the defendant’s case or that could have been used in the cross-examination of the People’s witnesses. The defendant has not established that the material was, in fact, subject to the Brady rule and also misreads the consequences of not providing such material. See People v Beam (161 AD2d 1153 [4th Dept 1990]) which held that the trial court did not err in refusing to impose sanctions upon the prosecution for failing to turn over Brady material until the commencement of the trial.
The defense has not established that the hospital records contained any Brady material. It is their contention, on information and belief, that the hospital records are Brady material; however, more is required to justify dismissal than mere suspicion and conjecture. This is particularly true where sanctions have been imposed striking all mention of the records and preventing the arresting officer from testifying on that subject.
The Brady rule (Brady v Maryland, 373 US 83) did not require that disclosure of exculpatory material be made at any particular point of the proceeding, but only that it be made in time for the defense to use it effectively (see, People v Bolling, 157 AD2d 733). In Bolling the lab report in question was provided to the defense during the cross-examination of complainant, the People’s first witness. Therefore, the Court found that the defense was afforded an ample opportunity to utilize it, although it chose not to do so and there is no indication that an earlier disclosure would have had any effect on the outcome of the trial (see, People v Vilardi, 76 NY2d 67; People v White, 178 AD2d 674 [2d Dept 1991]). Dismissal or preclusion of testimony is too harsh a sanction where less severe measures can rectify the harm done.
With respect to the Rosario evidence which the defense contends exists in the medical records and the line of duty report, the rule was promulgated by the Court of Appeals in People v Rosario (9 NY2d 286 [1961]), upon its "right sense of justice” (at 289) that statements of prosecution witnesses contained in the District Attorney’s file must be turned over to the defense prior to cross-examination. The underlying *118 premise of this rule is that it is just and fair. Upon this premise, the Court upheld the conviction of Rosario finding that the documents withheld contained "few variances * * * of a most inconsequential character” (at 291). The Court thus applied harmless error analysis even in a capital case.
The People contend (a) that the hospital records were not within the control of the People prior to the date they were precluded and (b) that they contain no Brady material. Further, that the defendant is not harmed unless there is a reasonable probability that the evidence would have led to a different result. (See, United States v Bagley, 473 US 667 [1985].)
The People acknowledge that the line of duty report was discoverable under Rosario, but contend that reversal is unwarranted because (1) the line of duty report contains no exculpatory material and (2) the line of duty report is the duplicative equivalent of the other documents given to the defendant. It is further contended by the People that when there is a delay in disclosing Rosario material, reversal is only warranted when the defense "[is] substantially prejudiced by the delay” (People v Ranghelle, 69 NY2d 56, 63 [1986]).
In addition to the sanctions already imposed upon the People, the defense had the opportunity to examine the records prior to trial and have been unable to point to any evidence that would be beneficial to the defendant. Judge Titone writing in People v Chin (67 NY2d 22, 33) states the general New York rule adopting the rule set forth in United States v Bagley (supra): "Even if the People had been aware of the evidence prior to that testimony, and they were not, constitutional error occurs only if the evidence which was not disclosed was material in the sense that 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different’ (United States v Bagley, 473 US [667], 105 S Ct 3375, 3384), plainly not the case here.”
Evidence is material only if there is a " 'reasonable probability’ ” that, had the evidence been disclosed to the defense, the result of the trial would be different (United States v Bagley, 473 US, at 682, supra).
With respect to Brady violations, the failure to furnish exculpatory information will not warrant reversal unless there is a reasonable probability that the outcome of the trial was affected. (See, People v Nedrick, 166 AD2d 725 [2d Dept *119 1990].) Moreover, as the requested material was supplied prior to trial which could have been used by the defense had it wished, the defendant was not denied a fair trial and the delayed turnover cannot be prejudicial. (See, People v Brooks, 170 AD2d 182 [1st Dept 1991]; People v Fernandez, 135 AD2d 867 [3d Dept 1987].)
The People’s argument that the failure to supply this material was the equivalent of harmless error has been repeatedly rejected by the Court of Appeals and such failure is, in and of itself, adequate grounds for reversal. (See, People v Consolazio, 40 NY2d 446 [1976].)
Both Consolazio (supra) and People v Jones (70 NY2d 547 [1987]) did not expand the liberality of Rosario, but rather made the rule more restrictive when Consolazio eliminated from Rosario the "harmless error” analysis from this area of the law. Ten years and 29 volumes later the Court of Appeals in People v Ranghelle (supra) created the per se error rule for prosecution failure to turn over statements falling within the definition of Rosario material. One year later, the Court of Appeals underscored its determination by deciding Jones (supra) which reaffirmed the per se error rule and again rejected the harmless error analysis in the strongest terms.
This case is distinguishable from either of the above cases, in that the evidence was not available at the time of trial and, therefore, was the equivalent of being lost or destroyed. Sanctions had already been imposed, namely that there could be no evidence or testimony admitted on that subject. At the time of trial the Rosario evidence was unavailable; moreover, it was substantially duplicative. To protect the defendant, sanctions had already been imposed upon the People. The material sought to be suppressed as Brady or Rosario had already been suppressed by corrective sanctions. The defendant’s contention that simply because the testimony was precluded, the People were not relieved of the Brady or Rosario obligations is correct. However, because of the nature of the remaining charge of attempted assault and the sanctions imposed which prohibited any testimony by the officer concerning his treatment or the introduction of any medical records concerning same, the statements allegedly made by the officer and transcribed into a medical treatment form and a line of duty form concerning the officer’s injury to either his hand or his arm, even viewed in the light most favorable to the defendant, are immaterial to the case before the court.
*120 With respect to the Rosario prohibition, it is fundamental that the items sought must be material to the litigation. All statements made by the witness are not automatically deemed to be subject to the Rosario rule irrespective of their relevance and materiality to the issues at trial. In an action, such as this, where the event described is not an element of the crime and where sanctions have been imposed eliminating the peripheral prejudice, not every statement is entitled to the significance of the per se rule.
Within the context of the Court of Appeals when Rosario material is not available to the District Attorney, as in the case of lost material, the Court has proposed that sanctions be issued in one of two ways: (1) the testimony of the witness can be stricken or (2) a corrective instruction may be given to the jury (see, People v Martinez, 71 NY2d 937 [1988]). The intent of the Court of Appeals is "the overriding need to eliminate prejudice to the defendant” (People v Martinez, at 940, supra).
"The documents contain virtually the identical information that was available to defense counsel from other Rosario materials that had previously been turned over to him. Accordingly, we find no merit to the defendant’s contention that his ability to cross-examine the witness was impaired by the People’s delay in providing the Rosario materials in question” (People v Cannon, 171 AD2d 752, 752-753 [2d Dept 1991], lv denied 78 NY2d 1074 [1991]).
It was subsequently held in People v Payne (52 NY2d 743 [1980]) that a witness’s testimony was the duplicative equivalent of the witness’s testimony before a Grand Jury.
It is noted in this case that the injury to the police officer was not a necessary element of the violation charged of attempted assault. The items not made available to the defense were, therefore, not material to the prosecution or significant to the outcome of the trial. Following the sanctions of the court, all such evidence had been precluded, including the hospital records, and the People were not permitted to use testimony concerning police officer’s hospital attention. Moreover, the report requested is duplicative of the other material given to counsel and duplicative of the testimony of the police officer.
The defendant has also failed to make a prima facie showing of any reason for dismissing this case in the furtherance of justice available under CPL 210.40.
Accordingly, the motion is denied on the grounds that (1) *121 the defense has not established that any Brady material existed which was not made available to the defense prior to trial, (2) that any Rosario material which was in the People’s possession was turned over to the defense, (3) that all evidentiary material which became available was turned over to the defense after the trial even though it was not material to the issues, (4) that corrective sanctions were directed to eliminate any possible prejudice to the defendant, and (5) all such items were duplicative of material already in the possession of the defendant. The motion to dismiss in the furtherance of justice pursuant to CPL 210.40 is also denied. The conviction of attempted assault in the third degree stands.